The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Norman Edward DEAN, Defendant–Appellant.

No. 93CA0709.

Colorado Court of Appeals, Div. II.

Oct. 20, 1994.

Rehearing Denied Nov. 25, 1994.

Certiorari Denied May 8, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Norman Edward Dean, appeals the trial court's order refusing to consider his

Crim.P. 35(b) motion for reduction of sentence. We reverse.

Upon his conviction for escape and habitual criminality, defendant was originally sentenced to thirty to thirty-five years' imprisonment. However, this indeterminate sentence was illegal because the underlying offense occurred after July 1, 1979, the effective date of the Determinate Sentencing Act. *See* Colo.Sess. Laws 1979, ch. 157 at 671.

Defendant filed a Crim.P. 35(a) motion to have this illegal sentence corrected. The trial court granted this motion and issued an amended mittimus to reflect a definite sentence of thirty years.

Within 120 days thereafter, defendant filed a Crim.P. 35(b) motion to have this sentence reconsidered. Because this motion was filed more than 120 days after imposition of the original (illegal) sentence, the trial court concluded that it lacked jurisdiction to entertain this motion. Defendant contends that this was error. We agree.

Crim.P. 35(b) gives a court the power to reduce a defendant's sentence if a motion therefor is made within 120 days after imposition of sentence. Our cases interpreting Crim.P. 35(b) have treated this power expansively. *See People v. Fuqua,* 764 P.2d 56 (Colo.1988); *People v. Cagle,* 807 P.2d 1233 (Colo.App.1991).

This power has, however, been limited where separation-of-powers concerns are implicated. Crim.P. 35(b) "adheres to the constitutional principle that only the executive department may modify a *legally imposed* criminal sentence after the conviction upon which it is based has become final." *Mamula v. People,* 847 P.2d 1135, 1137 (Colo.1993) (emphasis added).

No such concerns are present here, as the original sentence was not legally imposed. We conclude, therefore, that, if an illegal sentence is imposed, the time for the filing of a Crim.P. 35(b) motion does not start to run. That time period is triggered only by the imposition of a legal sentence.

Here, defendant's Crim.P. 35(b) motion was filed within 120 days from the date that any legal sentence was imposed upon him. Hence, the trial court had jurisdiction to

reconsider that sentence, and it erred in concluding that it had no authority to do so.

The order of the trial court is reversed, and the cause is remanded to that court for consideration of defendant's Crim.P. 35(b) motion.

MARQUEZ and TAUBMAN, JJ., concur.