**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Jorge DELGADO, Defendant–Appellant.**

**No. 01CA0807.**

Colorado Court of Appeals,
Div. IV.

April 24, 2003.

Certiorari Granted Jan. 26, 2004.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Jorge Delgado, appeals the order denying his motion for sentence reduction under Crim. P. 35(b). We affirm and remand for correction of the mittimus.

Defendant pleaded guilty to one count of sexual assault on a child by one in a position of trust, a class three felony under § 18–3–405.3(2), C.R.S.2002. The plea agreement called for a stipulated prison sentence of eight to fifteen years. The parties mistakenly assumed, and the plea agreement erroneously stated, that a conviction carried a five-year term of mandatory parole. In fact, because defendant committed his crime in February 1998, he was subject to a period of discretionary parole. *See* § 17–2–201(5)(a.5), C.R.S.2002; *People v. Cooper*, 27 P.3d 348, 349 (Colo.2001).

On July 17, 1998, the trial court accepted defendant's plea and sentenced him to a ten-year prison term. Although the court did not mention mandatory parole at the sentencing hearing, the mittimus indicates that defendant must serve a five-year parole term.

On December 28, 2000, defendant filed a motion for reconsideration and reduction of his sentence under Crim. P. 35(b). He also filed a motion for leave to file out of time pursuant to Crim. P. 45(b)(2).

In support of his motions, defendant attached exhibits as evidence of his exemplary behavior and achievements while in prison. He asserted that he wished to return to Mexico to care for his ill and destitute mother, whose problems were detailed in letters submitted to the court by defendant's friends and family.

The trial court refused to reconsider or reduce defendant's sentence. In its order denying relief, the court stated that the motion was untimely and successive to a previous motion, and "it would not be appropriate to grant the relief requested."

Defendant contends that the trial court erred by denying his motion to reconsider and reduce his sentence under Crim. P. 35(b). We disagree.

■ Crim. P. 35(b) suspends the finality of the original sentence for 120 days to permit the defendant to request a reduction of sentence or the court to reduce the sentence on its own initiative. *People v. Fuqua*, 764 P.2d 56, 59 (Colo.1988). Ordinarily, "[o]nce the 120–day limit expires, the trial court's jurisdiction to reduce or change the sentence terminates," *Swainson v. People*, 712 P.2d 479, 480 (Colo.1986), and "relief from a validly imposed sentence cannot be obtained through the judiciary but must instead be sought through the executive department by way of commutation." *People v. Akins*, 662 P.2d 486, 487 (Colo.1983).

Here, defendant did not appeal his sentence, and he did not file his motion to reconsider and reduce sentence until more than two years after his sentence was imposed. Consequently, his motion was outside the time limits of Crim. P. 35(b), and the trial court had no discretion to grant him any relief.

■ We disagree with defendant's assertion that, under Crim. P. 45(b)(2), the trial court could have extended the time for filing his motion based on his mother's problems and his lack of knowledge about the law.

Crim. P. 45(b)(2) allows trial courts to extend filing times "for cause shown . . . if the failure to act on time was the result of excusable neglect." In *Swainson*, the supreme court applied Crim. P. 45(b)(2) to provide relief from an untimely filed Crim. P. 35(b) motion. However, the excusable neglect recognized in this context was very limited, namely the offender was unconstitutionally deprived of the opportunity to file a Crim. P. 35(b) motion because of ineffective assistance of counsel. In that instance, the court held, "the trial court would have jurisdiction and could extend the time limit for filing the

motion." *Swainson v. People, supra,* 712 P.2d at 480.

No Colorado appellate decision has expanded excusable neglect for belated Crim. P. 35(b) filings beyond ineffective assistance of counsel. Even if we assume we could, we would not do so here where defendant attributed his belated filing of the motion only to his mother's problems and his own lack of knowledge about the law. *See People v. Fuqua, supra,* 764 P.2d at 59 n. 1 (only "extraordinary circumstances" extend the time limit for filing Crim. P. 35(b) motions); *cf. People v. McPherson,* 53 P.3d 679, 682 (Colo.App.2001)(defendant's indigence and ignorance of the law did not constitute justifiable excuse or excusable neglect for filing a Crim. P. 35(c) motion outside the time limits of § 16–5–402, C.R.S.2002).

■ We also reject defendant's assertion that the trial court had jurisdiction to reduce his sentence because the mandatory parole term is illegal and therefore that the 120–day time limit for filing a Crim. P. 35(b) motion has not yet started to run.

■ The imposition of an illegal sentence does not trigger the time for the filing of a Crim. P. 35(b) motion, which begins only on the imposition of a legal sentence. *See People v. Dean,* 894 P.2d 13, 14 (Colo.App.1994). In this case, however, defendant's motion sought a reduction in the length of his prison sentence, and that portion of the sentence is legal because it is consistent with the terms specified by statute. *See People v. Green,* 36 P.3d 125, 126 (Colo.App.2001).

■ A sentence that is illegal in part is not void in its entirety. *See People v. Antonio–Antimo,* 29 P.3d 298, 305 (Colo.2000)(where defendant's sentence included an illegal requirement that he leave the United States, trial court had authority to correct the illegal portion by deleting it); *Abeyta v. People,* 112 Colo. 49, 51–52, 145 P.2d 884, 885 (1944)(an excessive sentence is invalid as to the excess, but is good so far as the power of the court extends); *In re Nottingham,* 84 Colo. 123, 125, 268 P. 587, 588 (1928)(provision for hard labor, if invalid, would not invalidate defendant's entire sentence); *see also United States v. Wainwright,* 938 F.2d 1096, 1099

(10th Cir.1991) ("[T]he imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack.")(quoting *United States v. Pridgeon,* 153 U.S. 48, 62, 14 S.Ct. 746, 751, 38 L.Ed. 631 (1894)).

Here, the illegal mandatory parole portion of defendant's sentence is distinct from the legal imprisonment term. *See Craig v. People,* 986 P.2d 951, 963 (Colo.1999). Under these circumstances, the imprisonment portion of defendant's sentence is not void. *See Rousan v. United States,* 668 F.2d 1006, 1006 (8th Cir.1982)(defendant's entire sentence, which consisted of a prison term followed by a special parole term, was not void where the sentencing court corrected it by deleting the special parole term). Therefore, the 120–day period for reducing the prison term expired before defendant filed his Crim. P. 35(b) motion.

In light of our conclusion that defendant's motion was untimely, we do not address his contention that the trial court erred in denying the motion as successive.

However, because the mittimus erroneously indicates that defendant is subject to five years of mandatory parole, the case is remanded to the trial court with directions to issue an amended mittimus reflecting that defendant is subject to discretionary parole pursuant to § 17–2–201(5)(a.5). *See People v. Myers,* 45 P.3d 756, 759 (Colo.App.2001).

The order is affirmed, and the case is remanded for correction of the mittimus.

Judge ROTHENBERG and Judge KAPELKE concur.