Jorge DELGADO,

v.

**The PEOPLE of the State of Colorado.**

No. 03SC390.

Supreme Court of Colorado,
En Banc.

Jan. 31, 2005.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, for Petitioner.

John W. Suthers, Acting Attorney General, F. Michael Goodbee, Assistant Attorney General, Criminal Justice Section, Appellate Division, Denver, for Respondent.

RICE, Justice.

We granted certiorari in this case to determine whether a sentence with an illegal parole term but a legal term of years triggers the motion filing deadline for postconviction reduction of sentence pursuant to Crim. P. 35(b). The court of appeals held in *People v. Delgado*, 83 P.3d 1144, 1146 (Colo.App.2003), that the illegal mandatory parole portion of Defendant Jorge Delgado's sentence was distinct and severable from the legal imprisonment term, and thus, since the latter was a legal sentence, Defendant had 120 days from its imposition to file a Crim. P. 35(b) motion. As Defendant made no such timely motion, the court of appeals concluded that the trial court's jurisdiction to reduce the legal imprisonment term had expired.

We disagree. An illegal sentence is a sentence which is not in full compliance with the sentencing statutes. The sentence given to Defendant did not fully comply with the sentencing statutes because it contained an illegal parole term; therefore, it was an illegal sentence in its entirety. The imposition of an illegal sentence does not commence the 120–day deadline for filing a Crim. P. 35(b) motion; only legal sentences trigger the rule's timeliness requirement. Accordingly, the decision of the court of appeals is reversed and the case remanded.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was charged with one count of first degree burglary, one count of second degree burglary (dwelling), one count of sexual assault on a child pursuant to section 18–3–405(1), C.R.S. (2004), one count of sexual assault on a child pursuant to section 18–3–405(2)(a), and one count of a crime of violence. As part of a plea agreement, Defendant pled guilty to one count of sexual assault on a child by one in a position of trust. *See* § 18–3–405.3, 6 C.R.S. (2002). The plea agreement called for a stipulated prison sentence of eight to fifteen years, with a five-year period of mandatory parole. The trial court sentenced Defendant on July 17, 1998 to ten years in the Department of Corrections (DOC), and to a five-year period of mandatory parole. Thereafter, in a timely fashion, Defendant, through counsel, filed a motion for sentence reconsideration. Following a hearing, the trial court denied the motion.

Two years later, Defendant filed a pro se Motion for Reconsideration/Reduction of Sentence Pursuant to Crim. P. 35(b). Defendant also filed a Motion for Leave to File Out of Time Pursuant to Crim. P. 45(b)(2). The trial court denied Defendant's motions without a hearing, finding that the Crim. P. 35(b) motion was untimely filed and successive, and that consequently, it no longer had jurisdiction.

Defendant appealed the trial court's order to the court of appeals. On appeal, Defendant contended, *inter alia*, that the sentence of ten years imprisonment plus five years mandatory parole was illegal because the applicable statute required that he receive a period of discretionary parole rather than

mandatory parole. *See People v. Cooper*, 27 P.3d 348, 358 (Colo.2001) (interpreting § 17–2–201(5)(a.5), 6 C.R.S. (2000)). He further argued that since the imposition of an illegal sentence does not commence the 120–day Crim. P. 35(b) filing period, the trial court still had jurisdiction to consider his reduction of sentence motion.

The court of appeals affirmed the denial of Defendant's postconviction motion in a published decision, *Delgado*, 83 P.3d 1144. First, the court of appeals agreed with Defendant's argument that the five-year mandatory parole period was improper, holding that:

> The plea agreement called for a stipulated prison sentence of eight to fifteen years. The parties mistakenly assumed, and the plea agreement erroneously stated, that a conviction carried a five-year term of mandatory parole. In fact, because Defendant committed his crime in February 1998, he was subject to a period of discretionary parole.

*Id.* at 1145 (citing § 17–2–201(5)(a.5), 6 C.R.S. (2002); *Cooper*, 27 P.3d at 349).[1]

Second, however, the court of appeals disagreed with Defendant's argument that the imposition of the illegal parole term did not trigger the 120–day filing period set forth in Crim. P. 35(b). *Id.* at 1146. Instead, the court of appeals held that the illegal mandatory parole portion of Defendant's sentence was distinct and severable from the legal imprisonment term. *Id.*

Thus, the court of appeals held that while the imposition of an illegal sentence does not trigger the deadline for filing a Crim. P. 35(b) motion, the portion of the sentence that Defendant *sought to reduce by way of his motion*—namely the length of his prison sentence—was legally imposed. *Id.* As such, the court of appeals concluded that the 120–day period for reducing Defendant's prison term began running in 1998 when his sentence was imposed, thereby rendering his Crim. P. 35(b) motion untimely. *Id.*

**1.** The People did not contest the illegality of

## II. ANALYSIS

As an initial matter, we note the People again have conceded that Defendant's sentence included an illegal mandatory parole component, based on this Court's holding in *Cooper*, 27 P.3d at 358 (persons convicted of sex offenses committed between July 1, 1996, and November 1, 1998 are subject to discretionary parole, not mandatory parole). Therefore, this aspect of the court of appeals' decision is not before us.

Nevertheless, as just discussed, the court of appeals additionally held that the legal prison component of Defendant's sentence was severable from the illegal parole portion. We granted certiorari to determine in the context of Crim. P. 35(b) review whether an appellate court's correction of only the illegal portion of a sentence deprives a trial court of jurisdiction to modify the legal portion of the sentence on remand.

We hold that a trial court has jurisdiction to modify a corrected sentence pursuant to Crim. P. 35(b) when any portion of the original sentence did not fully comply with statutory requirements and a motion for reduction of sentence has been filed within 120 days of the new, legal sentence's imposition.

### A. Illegal Sentences

This Court has consistently held that if the sentence imposed is not in full compliance with statutory requirements it is illegal. *See, e.g., Downing v. People*, 895 P.2d 1046, 1049 (Colo.1995). For example, in *Chae v. People*, a defendant received a suspended term of incarceration in DOC, provided that certain conditions were met. 780 P.2d 481, 483 (Colo.1989). While the trial court's imposition of a sentence to DOC was legal, the suspension provision was not. *Id.* at 485. On review, we specifically considered the issue of "whether the original sentence imposed by the district court was an illegal sentence," and concluded that it "clearly" was. *Id.* at 484–85. In doing so, we did not differentiate between the legal DOC term and the illegal suspension, but rather determined that the entire sentence was illegal. *See id.*

Defendant's parole term.

Similarly, in *Craig v. People,* we held that "[i]n the context of mandatory parole, any plea agreement purporting to eliminate, waive, modify or direct the trial court's application of parole in a way not available under the sentencing law would call for an *illegal sentence* of the sort rejected in *Chae.*" 986 P.2d 951, 960 (Colo.1999) (emphasis added); *see also People v. Flenniken,* 749 P.2d 395, 398 (Colo.1988) (illegal sentence imposed where court ordered legal sentence of imprisonment, but illegally suspended that sentence on condition that defendant serve probationary sentence); *People v. Dist. Court,* 673 P.2d 991, 994, 996 (Colo.1983) (defendant received illegal sentence where he received legal sentence of imprisonment for definite period of time, but court also ordered him to work-release program, an alternative available only in connection with probation).

Thus, it long has been clear that a sentence is illegal unless all the components of a sentence fully comply with the sentencing statutes. Nonetheless, the court of appeals, relying on non-Crim. P. 35(b) cases, held that even though a sentence did not fully comply with the sentencing statutes, the legal portion of the sentence could be segregated from the illegal portion of the sentence for the purpose of Crim. P. 35(b) postconviction relief. *Delgado,* 83 P.3d at 1146.

In so holding, the court of appeals confused the question of whether or not a sentence is illegal with the question of whether or not an illegal sentence can be corrected. Sentences become illegal in different ways, and depending on the nature of the illegality, certain illegal sentences can be corrected through resentencing and imposition of a legal sentence while other illegal sentences require that the judgment of conviction be vacated. *Compare People v. Antonio–Antimo,* 29 P.3d 298, 300, 304–05 (Colo.2000) (when legal plea bargain is enforced by means of illegal sentence, illegal sentence may be modified), *with Craig,* 986 P.2d at 960 (where illegal sentence is called for in plea bargain, " 'a later sentence imposed within statutory guidelines cannot correct'

the flaw resulting from the improper inducement") (quoting *Chae,* 780 P.2d at 487 n. 12); *see also Abeyta v. People,* 112 Colo. 49, 51–52, 145 P.2d 884, 885 (1944) (if sentencing court imposes a definite sentence in excess of the statutory maximum, the sentence can be corrected by removing that excess).

Thus, the fact that some illegal sentences can be corrected while others require that the conviction be vacated does not alter the fundamental tenet at issue here: as long as any aspect of a sentence is inconsistent with statutory requirements, the complete sentence is illegal. Our decision in *Antonio–Antimo,* erroneously relied on by the court of appeals, is particularly instructive on this point. In that case, the defendant's sentence, imposed pursuant to a legal plea agreement, complied with the sentencing statutes except for a provision which effectively ordered the defendant's deportation. *Antonio–Antimo,* 29 P.3d at 304. Throughout the opinion, we repeatedly characterized the sentence imposed by the trial court as an illegal sentence. *See, e.g., id.* at 300 ("We hold that when a legal plea bargain is enforced by means of an illegal sentence, the proper remedy, if possible, is to modify the illegal sentence but permit the valid and enforceable plea agreement to stand."). Thus, *Antonio–Antimo* starts from the premise that a sentence containing an illegal provision is an illegal sentence, and proceeds to address how, if at all, the illegal sentence can be corrected.

Consequently, the court of appeals erred in dissecting the sentence in this case, for the purpose of determining its legality, into separate legal and illegal components. Defendant received an illegal sentence because the sentence he received was not in full compliance with the sentencing statutes.

## B. An Illegal Sentence Does Not Trigger Crim. P. 35(b) Time Limits

Although we consistently have interpreted the language of Crim. P. 35(b) expansively, *see, e.g., People v. Fuqua,* 764 P.2d 56, 58–60 (Colo.1988),[2] as set forth, Crim. P. 35(b) au-

---

**2.** In *Fuqua,* we held that when a defendant timely files a motion for sentence reduction, the trial court's jurisdiction to rule on the motion extends

beyond the rule's 120–day deadline, but only such additional time as is reasonable under the circumstances. 764 P.2d at 61.

thorizes trial courts to reduce offenders' sentences only within a finite period of time. Specifically, the rule states, in pertinent part:

> The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence.

Thus, Crim. P. 35(b) requires either that defendants bring motions for reduction of sentences, or that trial courts reduce sentences on their own initiative, within 120 days after sentences become final. Once 120 days pass without a Crim. P. 35(b) motion, trial courts lack authority to reduce offenders' sentences.

■ In addition, where separation of powers concerns between the judicial and executive branches are implicated, one inherent constitutional limitation to a trial court's jurisdiction under Crim. P. 35(b) also applies. As we stated in *Mamula v. People*, 847 P.2d 1135, 1137 (Colo.1993), "only the executive department may modify a *legally imposed* criminal sentence after the conviction upon which it is based has become final." (emphasis added) (citing *People v. Herrera*, 183 Colo. 155, 161–62, 516 P.2d 626, 628–29 (1973); *People v. Lyons*, 44 Colo.App. 126, 618 P.2d 673 (1980)).

■ Neither the plain language of Crim. P. 35(b) nor separation of powers concerns, however, prohibit a defendant's timely filing of a motion to reduce sentence when an illegal sentence is corrected and a new, legal sentence imposed.[3] This is because the imposition of an illegal sentence does not trigger the rule's 120–day filing deadline, which begins running only after the imposition of a legal sentence. *People v. Dean*, 894 P.2d 13, 14 (Colo.App.1994), *cert. denied* (May 8,

1995). In addition, an illegal sentence is not a sentence that was "legally imposed," and therefore, "reexamination of the sentence before it becomes final does not intrude into [the] area of executive power." *Mamula*, 847 P.2d at 1137 (citing *People v. Akins*, 662 P.2d 486, 487 (Colo.1983); *People v. Smith*, 189 Colo. 50, 51, 536 P.2d 820, 822 (1975); *Fuqua*, 764 P.2d at 60).

Therefore, upon the correction of an illegal sentence, a trial court has authority under Crim. P. 35(b) to reduce the new, legal sentence within 120 days on its own initiative, or upon a defendant's timely motion.

## III.  CONCLUSION

The court of appeals erred in holding that when a defendant is subject to an illegal sentence due to the illegal imposition of mandatory parole, the 120–day time period for filing a motion under Crim. P. 35(b) nonetheless begins to run on the date of the imposition of the illegal sentence. If a sentence is not in full compliance with the sentencing statutes, it is an illegal sentence, and the 120–day time period set forth in Crim. P. 35(b) does not begin to run until the defendant receives a legal sentence. Accordingly, we reverse and remand this case to the court of appeals with instructions to return it to the trial court for proceedings consistent with this opinion. The judgment of the court of appeals is reversed.

Justice COATS dissents and Justice KOURLIS joins in the dissent.

COATS, J., dissenting.

Because I do not agree that the 120–day period of Crim. P. 35(b) applies only to the imposition of a "legal" sentence, I would uphold the court of appeals determination that the defendant's motion was filed out of time. Because the parole component of a sentence is not within the discretion of the court, but rather must be imposed as a matter of law, I would also hold that the defen-

---

3. It is, of course, well-settled that illegal sentences may be corrected at any time under Crim. P. 35(a), and where a trial court has jurisdiction of the person of a defendant and of the subject matter, and the sentence imposed is in error, the

court retains jurisdiction to later impose a legal sentence. *E.g., Antonio–Antimo*, 29 P.3d at 305 n. 5 (citing, *inter alia, Downing*, 895 P.2d at 1050; *Smith v. Johns*, 187 Colo. 388, 390, 532 P.2d 49, 50 (1975)).

dant is not entitled to be resentenced, and therefore he is not entitled to an additional 120–day period within which to move for reduction of a new sentence. I therefore respectfully dissent.

For the first time, the majority adopts the reasoning of the court of appeals in *People v. Dean*, 894 P.2d 13, 14 (Colo.App.1994), to hold that the imposition of an illegal sentence does not trigger the rule's 120–day filing deadline. Maj. op. at 635, 638. Nothing in the language of the rule admits of any such limitation, nor have we previously suggested as much. The rule speaks only to the period after "the sentence is imposed" or is affirmed or upheld. Our reference to "a legally imposed sentence" in *Mamula v. People*, 847 P.2d 1135, 1137 (Colo.1993), and earlier cases, addresses a constitutional separation of powers question and merely makes clear that the judicial branch does not lose its authority to resentence a defendant whose initial sentence has been reversed as illegally imposed. Those holdings suggest nothing about the time within which a defendant may move for a sentence reduction.

Although the holding of *Dean* may not have been articulated with sufficient precision, its judgment was correct because nothing in Crim. P. 35(b) precludes a criminal defendant from moving for the reduction of a newly imposed sentence. Whenever a defendant is resentenced following a successful challenge to his original sentence, therefore, the rule provides him a right to seek a reduction of that sentence. In light of the defect in the defendant's sentence in this case, I believe the court of appeals correctly remanded with directions to issue an amended mittimus, rather than ordering (or permitting) the trial court to resentence the defendant.

In related contexts, we have held that the parole component of a defendant's sentence is dictated by law and does not involve the court's sentencing discretion. For that reason, we have upheld statutes permitting transfers from community corrections to prison, including the addition of a parole term, without the need for a sentencing hearing. *See People v. Johnson*, 13 P.3d 309 (Colo.2000). We have similarly held that the parole component of a sentence is not included within the "maximum sentence" allowable for sex offenders. *See Martin v. People*, 27 P.3d 846 (Colo.2001). We have even held that a failure to include a statutorily prescribed parole term on a defendant's mittimus merely requires that the forms be amended by the trial court. *See Benavidez v. People*, 986 P.2d 943 (Colo.1999).

As with other statutorily prescribed conditions of a sentence, like the place or conditions of confinement, the defendant's parole requirement is dictated by law and is not a matter involving the sentencing discretion of the court. For that reason, I would hold that a defect in a defendant's mittimus indicating an erroneous parole requirement can be corrected without resentencing, and therefore a new 120–day period does not arise for purposes of a motion for reduction of sentence.

Because I would affirm the judgment of the court of appeals, I respectfully dissent.

I am authorized to state that Justice KOURLIS joins in this dissent.