#27327-a-LSW

**2015 S.D. 46**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

   v.

TRAUN L. COOK,                             Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHERYLE W. GERING
Judge

* * * *

MARTY J. JACKLEY
Attorney General

CAROLINE A. SRSTKA
Assistant Attorney General
Pierre, South Dakota                       Attorneys for plaintiff
                                           and appellee.


MATTHEW R. METZGAR of
Rhinehart Law, P.C.
Sioux City, Iowa                           Attorneys for defendant
                                           and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MAY 26, 2015

OPINION FILED **06/17/15**

#27327

WILBUR, Justice

[¶1.]     Traun L. Cook was convicted of aggravated assault and simple assault. Cook filed a motion to correct an illegal sentence. Cook appeals the circuit court's denial of his motion, arguing that the court erred as a matter of law because the oral pronouncement of his sentence was ambiguous or internally contradictory and, therefore, constituted an illegal sentence. We affirm.

### Background

[¶2.]     On December 3, 2008, a jury found Cook guilty of aggravated assault under SDCL 22-18-1.1(4) and simple assault under SDCL 22-18-1(5). Cook admitted to an information for enhancement of simple assault and to a part II information for habitual offender. The sentencing court, the Honorable Judge Arthur Rusch presiding, sentenced Cook on January 30, 2009, to 20 years in the South Dakota State Penitentiary with 10 years suspended for aggravated assault and 2 years in the penitentiary for simple assault, to run concurrently. The sentencing court filed an amended judgment and sentence on February 5, 2009.

[¶3.]     Cook appealed his conviction to this Court on February 5, 2009. We summarily affirmed his conviction. *State v. Cook*, 779 N.W.2d 166 (S.D. 2009). Afterwards, the circuit court appointed Scot Mannschreck to represent Cook. Cook, through his attorney, filed a motion to amend his sentence on July 9, 2014. The circuit court, the Honorable Judge Cheryle Gering presiding, denied the motion without a hearing because "the two years during which time the sentencing court retains jurisdiction pursuant to SDCL 23A-27-19 and/or SDCL 23A-31-1 has long since expired."

-1-

[¶4.] The circuit court appointed Matthew Metzgar on October 15, 2014, to represent Cook after Cook applied for new court-appointed counsel. Cook filed a motion to correct an illegal sentence on October 23, 2014, alleging that his sentence was ambiguous or internally contradictory. Specifically, Cook contended that his sentence was ambiguous or internally contradictory because Judge Rusch stated that the court retained control and jurisdiction over Cook for the entirety of his sentence. According to Cook, Judge Rusch only retained jurisdiction and control over him for two years; therefore, his sentence was in contravention of the law of this state. Furthermore, Cook alleged that the order was ambiguous or internally contradictory as to whether the circuit court intended to place him on probation or on parole after he finished serving ten years in the penitentiary. Cook stated, "[W]hen there is a concurrent penitentiary term and probation requirement, such a sentence places a defendant under simultaneous supervision of both the executive branch and [the] judicial branch of the government[.]" Thus, according to Cook, "The appropriate remedy is to remand the matter to the circuit court[.]"

[¶5.] After a hearing, the circuit court denied Cook's motion to correct an illegal sentence. In its findings of fact and conclusions of law, the court noted that the oral sentence controlled over the written judgment. The court then found that the oral sentence was neither internally inconsistent nor ambiguous. Specifically, the court found that "it was superfluous and unnecessary for the sentencing court to use the language regarding revocation of suspension and reinstatement of the sentence without credit for the time on probation" because "there was no circumstance under which [Cook] would be on probation in this case[.]" In addition,

the court found that the statement from the sentencing court that it retained jurisdiction for the entirety of Cook's sentence was inapplicable because a court cannot grant "jurisdiction beyond that provided by state law." Cook appeals this order and raises the following issue for our review:

> Whether the circuit court erred when it denied Cook's motion to correct an illegal sentence.

### Analysis

[¶6.] The circuit court's "written sentence must conform to the court's oral pronouncement." *State v. Thayer*, 2006 S.D. 40, ¶ 8, 713 N.W.2d 608, 612. When there is a difference between the written and oral sentences, we review the sentence "under the premise that the oral sentence controls." *Id.* ¶ 7, 713 N.W.2d at 611. We may rely on the written sentence to clarify any ambiguity in the oral sentence. *State v. Munk*, 453 N.W.2d 124, 125 (S.D. 1990). Consequently, in this case, we review the oral pronouncement to determine whether the sentence was illegal and rely on the written sentence only to the extent necessary to clarify an ambiguity in the oral pronouncement. *See id.* We review questions of law de novo. *State v. Berget*, 2014 S.D. 61, ¶ 48, 853 N.W.2d 45, 65.

[¶7.] The circuit court "may correct an illegal sentence at any time[.]" SDCL 23A-31-1 (Rule 35).[1] "Clerical mistakes in judgments, orders, or other parts of a

---

1.  The circuit court may also "correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence." SDCL 23A-31-1 (Rule 35). "'Sentences imposed in an illegal manner are within the relevant statutory limits, but are imposed in a way which violates defendant's right' to not have his sentence enhanced once the defendant has left the judicial branch of government and is within the jurisdiction of the executive branch." *State v. Sieler*, 1996 S.D. 114, ¶ 6, 554 N.W.2d 477, 479

(continued . . .)

record and errors in a record arising from oversight or omission may be corrected by a court at any time and after such notice, if any, as the court orders." SDCL 23A-31-2 (Rule 36). "'Illegal sentences are essentially only those which exceed the relevant statutory maximum limits or violate double jeopardy or are ambiguous or internally contradictory.'" *State v. Thomas*, 499 N.W.2d 621, 622 (S.D. 1993) (quoting 8A James W. Moore, *Moore's Federal Practice* § 35.06[a] (2d ed. 1992)).

[¶8.] Cook does not contend that his sentence exceeded the relevant statutory maximum limit or violated double jeopardy. Instead, Cook asserts only that his sentence was ambiguous or internally contradictory. "A sentence may be found illegal when it is internally ambiguous or self-contradictory to the extent that a reasonable person cannot determine what the sentence is." James W. Moore, *Moore's Federal Practice* § 635 App. 102[3][c][iii] (3d ed. 2015) (footnote omitted). "It is the obligation of the sentencing court to express a sentence in clear terms, so as to 'reveal with fair certainty' its intent and 'exclude any serious misapprehensions by those who must execute them.'" *United States v. Moss*, 614 F.2d 171, 175 (8th Cir. 1980) (quoting *United States v. Daugherty*, 269 U.S. 360, 363, 46 S. Ct. 156, 157, 70 L. Ed. 309 (1926)). We examine the following guiding factors to determine whether an oral pronouncement is ambiguous:

>    (1)    when the words used have more than one meaning;

---

(. . . continued)

> (quoting 8A James W. Moore, *Moore's Federal Practice* § 35.04[3][a] (2d ed. 1995)). The State contends "that, if anything, Defendant's [sentence] was imposed in an illegal manner and according to SDCL § 23A-31-1, the time for correction has long since passed." Because Cook does not argue that his sentence was imposed in an illegal manner, we need only determine whether his sentence constituted an illegal sentence.

-4-

> (2)     when otherwise unambiguous words are used in an unusual way;
>
> (3)     the extent of the sentence cannot be ascertained from the language used; or
>
> (4)     the plain meaning of the words used lead to an irrational or absurd result.

*State v. Cady*, 422 N.W.2d 828, 830 (S.D. 1988) (quoting *United States v. Villano*, 816 F.2d 1448, 1453 n.6 (10th Cir. 1987)).

[¶9.]     Cook argues that the oral pronouncement in this case was ambiguous or internally contradictory because the sentencing court stated that it would retain control and jurisdiction over him for the entire term of his sentence. Generally, the sentencing court only retains jurisdiction over a defendant for a period of two years from the date the sentence is imposed. *See* SDCL 23A-27-19 ("The sentencing court retains jurisdiction for the purpose of suspending any such sentence for a period of two years from the effective date of the judgment of conviction[.]"); SDCL 23A-31-1 (Rule 35) ("A court may reduce a sentence . . . [w]ithin two years after the sentence is imposed[.]"). "A defendant with a partially suspended penitentiary sentence is under the supervision of the Department of Corrections and the Board of Pardons and Paroles." SDCL 23A-27-18.4; *see also State v. McConnell*, 495 N.W.2d 658, 658 (S.D. 1993) ("While in the penitentiary [the defendant] will be under supervision of the Department of Corrections, an agency of the executive branch."). "The board [of pardons and paroles] is charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of parole or the terms of the suspension." SDCL 23A-27-18.4. Therefore, in this case, the sentencing court

clearly did not retain jurisdiction and control over Cook for the entire term of his sentence—i.e., 20 years in the penitentiary with 10 years suspended.

[¶10.] Consequently, Cook alleges that his sentence was illegal because it was "both internally conflicting and ambiguous in that regard." In this case, the oral pronouncement of Cook's sentence was not so ambiguous or internally conflicting that a reasonable person would not understand the sentence. We note that the sentencing court may have, at times, confused the concepts of parole and probation during its oral pronouncement.[2] Indeed, a sentencing court retains jurisdiction over a defendant for the entire term of his sentence when the defendant receives either a suspended imposition or suspended execution of sentence and is placed on *probation*. SDCL 23A-27-13, -18. In considering the motion to correct an illegal sentence, the circuit court speculated that the language in the oral pronouncement referencing probation "likely" originated from "standard conditions that [Judge Rusch] may have stated in this case[.]" The circuit court found that "there was no circumstance under which [Cook] would be on probation in this case" because "no probation [was] ordered and [there was] no possibility of

---

2. The sentencing court stated: "[Y]ou shall be subject to random search and seizure by your parole officer or any law enforcement officer upon reasonable suspicion that you're violating any provision of this *probation*." (Emphasis added.) Later in the oral pronouncement, the court stated that "this court may revoke the suspension at any time and reinstate the sentence without diminishment or credit for the time you are on *probation*." (Emphasis added.) The court also made several references to "court service officers," who are assigned to a defendant for probation supervision. *See* SDCL 23A-27-12.1.

probation being ordered."[3]  Accordingly, the circuit court concluded that "it was superfluous and unnecessary for the sentencing court to use the language" regarding probation.  We agree.

[¶11.]	The record indicates that Judge Rusch clearly and unambiguously placed Cook under the supervision of the board of pardons and paroles: "You shall be placed under the supervision of the board of pardons and paroles or their representative for a period of ten years, and that you shall be governed by their rules and regulations."  Regardless of whether Judge Rusch employed a practice of modifying sentences after the expiration of the two-year jurisdiction under SDCL 23A-31-1 (Rule 35) as asserted by Cook,[4] the law plainly provides that the court only retained jurisdiction in this case for a period of two years from the date that the sentence was imposed.  *See* SDCL 23A-27-19, -31-1 (Rule 35).  Therefore, the few references to "probation" did not render the oral pronouncement of the sentence so ambiguous or internally conflicting that a reasonable person would not understand his sentence.  *See* James W. Moore, *Moore's Federal Practice* § 635 App.

---

3.	Cook does not assert that the sentencing court ordered probation or that he thought the court ordered probation.

4.	Cook alleges that, based on the testimony of his trial counsel, Philip Peterson, "the practice of Judge Rusch [was] to retain jurisdiction to reduce sentences even after the two year limitation period of SDCL 23A-31-1 [(Rule 35)] had expired."  Peterson testified that he did not pursue a modification of the sentence within two years of the sentence, as required by SDCL 23A-31-1 (Rule 35), because Judge Rusch would only consider modification after the inmate had served one-half of his parole eligibility.

102[3][c][iii] (3d ed. 2015).[5] Moreover, the oral pronouncement was not subject to more than one interpretation, the language was not used in an unusual way, the extent of the sentence was ascertainable, and the plain meaning of the words did not lead to an irrational or absurd result. *See Cady*, 422 N.W.2d at 830.

[¶12.]    We affirm.

[¶13.]    GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.

---

5.    Cook further argues that his sentence was illegal because aspects of the sentence were inconsistent with statutory requirements. Cook cites to the Colorado Supreme Court decision in *Delgado v. People*, 105 P.3d 634 (Colo. 2005) (en banc), in support of this argument. In *Delgado*, the court stated that it "has consistently held that if the sentence imposed is not in full compliance with statutory requirements it is illegal." *Id.* at 636. The court cited its earlier decisions regarding illegal sentences. *Id.* at 636-37. *Delgado* and its progeny are factually distinguishable from the present case. Here, the sentencing court was authorized to sentence Cook to a term of incarceration in the penitentiary with a portion of the sentence suspended if certain conditions are met. Therefore, we reject Cook's reliance on these cases.