FILED
United States Court of Appeals
Tenth Circuit

August 19, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

JOHN R. STASZAK,

     Petitioner - Appellant,

v.

RANDY LIND, Warden, CTCF;
CYNTHIA H. COFFMAN, The Attorney
General of the State of Colorado,

     Respondents - Appellees.

No. 16-1078
(D.C. No. 1:15-CV-02234-LTB)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Mr. Staszak was convicted in Colorado court and sentenced to probation. A few years later, after violating the terms of his probation, he was given a new sentence: two concurrent twelve-year terms of imprisonment. Believing his new sentence was illegal, he filed this § 2254 petition.

The district court dismissed part of his petition without prejudice, recognizing that it raised only state law issues and could not be considered in a federal habeas case. It dismissed the rest of the petition with prejudice because it was time-barred.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Staszak does not challenge the first part of the district court's ruling—its dismissal of state law claims without prejudice—and so we do not review it. But he does challenge the court's application of the time bar. He argues that "[b]ecause his sentence was 'not authorized by law,' it was never final and therefore no time bar exists." (Appellant's Br. at 3.) He supports this argument by quoting the Colorado Supreme Court: "If a sentence is not in full compliance with the sentencing statutes, it is an illegal sentence, and [the time period for the sentencing court to modify its sentence] does not begin to run until the defendant receives a legal sentence." *Delgado v. Colorado*, 105 P.3d 634, 638 (Colo. 2005) (en banc).

But the Colorado Supreme Court does not control the statute of limitations for federal habeas corpus petitions. Congress does. And Congress has established the date on which state prisoners' sentences are considered final: "the date . . . [of] the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). We are aware of no relevant exception to this rule, and Mr. Staszak has cited none.

Thus Mr. Staszak's sentence became final on July 12, 2010. He was required to file this petition by July 12, 2011. He did not file it until October 8, 2015. He now complains that the district court should have treated him more leniently because he is not a lawyer, but the district court had no power to treat him more leniently. It had to dismiss his petition.[1]

---

[1] Additionally, to the extent that Mr. Staszak argues that the district court should have appointed an attorney, we see no reason to reverse the district court on this basis.

No reasonable jurist would question the district court's ruling. Mr. Staszak's application for a certificate of appealability is **DENIED**, and his appeal is **DISMISSED**. His motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge