The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jack WRIGHT, Defendant-Appellant.

No. 81CA0047.

Colorado Court of Appeals, Div. II.

Decided Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

Certiorari Granted Jan. 17, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, for defendant-appellant.

BERMAN, Judge.

Defendant, Jack Wright, appeals the denial of his *pro se* motion to vacate a 1964 guilty plea. We affirm.

In 1964, the defendant pled guilty to aggravated robbery pursuant to a plea bargain in the Adams County District Court. In 1977, in another proceeding in Adams County District Court, the 1964 conviction and another felony were used to sentence the defendant under the habitual criminal act. At that time, in exchange for having another count of a prior felony dropped, the defendant admitted to the felonies which were used in his enhanced sentencing.

However, in 1977, in a different proceeding against defendant, a Jefferson County District Court reviewed the prior felonies of the defendant, and determined that the 1964 guilty plea was constitutionally inadequate. Consequently, the 1964 robbery was not relied upon by that court in imposing a life sentence upon defendant.[1]

Subsequent to that ruling, in 1980, the defendant filed a *pro se* motion to vacate and set aside the conviction and judgment pertaining to the 1964 conviction in the Adams County District Court (essentially a Crim.P. 35(c) motion). After a hearing, the trial court found, in contrast to the finding of the Jefferson County District Court, that the 1964 guilty plea was constitutionally adequate. It also stated that the doctrine of collateral estoppel was not applicable to that ruling.

I.

The defendant first contends that since the Jefferson County District Court has previously ruled that the Crim.P. 11 advisal was fatally defective, the doctrine of collateral estoppel precludes the relitigation of that issue by the Adams County court. We reject this contention.

■ Although the doctrine of collateral estoppel is as applicable to criminal proceedings as it is to civil proceedings, *Trujillo v. People,* 178 Colo. 136, 496 P.2d 1026 (1972), we conclude it is inapplicable in a Crim.P. 35(c) proceeding. *See People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974). We reach this conclusion by analyzing the various cases which have held *res judicata,* a similar doctrine involving finality of judgment, inapplicable to habeas corpus proceedings. *See, i.e., Sanders v. U.S.,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *People v. Hubbard, supra.*

■ A motion to vacate judgment is "substantially equivalent" to a federal habeas corpus action and for the present purposes, it is not necessary to differentiate between the two. *Sanders v. U.S., supra; People v. Trujillo,* 190 Colo. 497, 549 P.2d 1312 (1976). The reasoning behind this treatment of such proceedings is that: "Conventional notions of finality of litigation have no place where life or liberty is at

---

1. The convictions leading to this sentence were reversed and the cause was remanded for a new trial in *People v. Wright,* (Colo.App. No. 80CA0142 ann'd March 11, 1982) (not selected for official publication). This reversal was on grounds unrelated to the matter presently before us.

stake and infringement of rights is alleged." *Sanders, supra.*

 As in a habeas corpus action, when examining a Crim.P. 35(c) motion based upon a guilty plea previously found to be constitutionally inadequate, the trial court should focus on such factors as whether the same grounds are being presented for review, whether the prior decision was based upon the merits, and whether the ends of justice would be served by the subsequent application of the prior ruling. *See Sanders, supra.* Even if, as here, the merits have been adjudicated, the trial court still has the sound discretion to re-examine the merits and determine the propriety of the discharge sought. *See Sanders, supra.*

 The relief requested is directed towards the equitable powers of the court. *People v. Bucci,* 184 Colo. 367, 520 P.2d 580 (1974). The defendant "seeking relief . . . may disqualify himself, by his conduct, for the relief which he seeks." *Bucci, supra.* Defendant here did so by his prior admission of guilt to the felony in issue. In addition, as discussed in Section II, *infra,* the record discloses no meritorious claim. *See People v. Arnold,* 190 Colo. 193, 544 P.2d 968 (1976).

### II.

The defendant also contends that, even if collateral estoppel does not apply, the trial court erred in finding that the Crim.P. 11 advisement was proper. We disagree.

 The dispositive issue is whether the constitutional requirements of voluntariness then in effect were met. *People v. Ramirez,* 652 P.2d 1077 (Colo.App.1982). The requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969) are not retrospective. *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970).

 In 1964, there was no ritualistic requirement that the defendant be specifically advised of each element of the crime to which he was admitting guilt. The rule then in effect provided that a guilty plea could not be accepted without the trial court first determining that the plea was voluntarily made with the defendant understanding the nature of the charge and that the defendant was fully informed of his right to trial by jury, his right to counsel, and the possible penalty provided by statute for the offense charged. *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971).

 An examination of the record shows that the trial court read the charge to the defendant. Where the language of a charge is not highly technical, the reading of the charge is sufficient explanation. *People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979). Furthermore, in the presentence report, the defendant admitted his role in the robbery. *See People v. Hubbard, supra.* When the entire record is read as a whole, it establishes that at the time of the providency hearing the defendant understood the nature of the charges. *People v. Moore,* 636 P.2d 1290 (Colo.App.1981). Therefore, we conclude that the trial court did not err in its determination that the guilty plea was entered in compliance with the then Crim.P. 11.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.