The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Aaron D. TOLBERT, Defendant–
Appellant.

No. 05CA1836.

Colorado Court of Appeals,
Div. III.

May 3, 2007.

Rehearing Denied July 12, 2007.

John W. Suthers, Attorney General, Nancy Bauer Egelhoff, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Aaron D. Tolbert, Pro Se.

Opinion by Judge WEBB.

Defendant, Aaron D. Tolbert, an inmate, appeals the trial court order denying his Crim. P. 35(a) challenge to the parole component of his sentence as illegal. Assuming this component is mandatory, we conclude that it is illegal, and thus we further conclude that the trial court incorrectly denied the motion as successive. Therefore, we vacate the order and remand for further proceedings consistent with this opinion.

### I. Facts

Upon pleading guilty to attempted sexual assault (F5), §§ 18–2–101(1) and 18–3–402(1)(b), C.R.S.2006, for conduct occurring on or about June 1, 2002, defendant was sentenced to six years in the Department of Corrections "plus 2 years parole."

Defendant filed a pro se postconviction "Motion to Change Illegal Term of Parole" (first motion). The trial court denied the motion, and defendant did not appeal.

Instead, defendant filed a pro se postconviction "Motion to Remove Mandatory Parole" under Crim. P. 35(a) (second motion). The trial court denied the second motion because it contained the same or substantially similar claims as the first motion, citing *DePineda v. Price,* 915 P.2d 1278 (Colo.1996) (a defendant is prohibited from using postconviction proceeding to relitigate issues fully and finally resolved in an earlier appeal). Defendant appeals this order but failed to include the first motion in the record.

### II. Illegal Sentence

Although the phrase "plus 2 years parole" does not necessarily connote mandatory parole, the second motion asserts that DOC is treating the parole term as mandatory. The Attorney General does not dispute this assertion.

■ A sentence that is not in full compliance with the sentencing statutes is illegal. *Delgado v. People,* 105 P.3d 634, 637 (Colo. 2005). Attempted sexual assault committed after July 1, 1996, but before July 1, 2002, is subject to discretionary, not mandatory, parole. *See* §§ 16–22–102(9), 17–2–201(5)(a.5), C.R.S.2006; *Martin v. People,* 27 P.3d 846 (Colo.2001); *People v. Cooper,* 27 P.3d 348 (Colo.2001).

Hence, if defendant's sentence imposes a mandatory parole term, it is illegal because the crime to which defendant pled called for discretionary parole.

### III. Successive Motion

We agree with the Attorney General that on the record before us, we cannot disturb the trial court's treatment of the second motion as successive.

■ Where an appellant urges that a finding or conclusion is unsupported by the evidence, the appellant must include those portions of the record necessary to address the claim. C.A.R. 10(b); *Till v. People,* 196 Colo. 126, 127, 581 P.2d 299, 299 (1978). If the necessary record is not included, "we will presume that the findings and conclusions of the trial court are correct, and that the evidence supports the judgment." *Till v. Peo-*

*ple, supra,* 196 Colo. at 127, 581 P.2d at 299; *see also People v. Wells,* 776 P.2d 386, 390 (Colo.1989).

■ In seeking postconviction relief, the inmate bears the burden of overcoming the presumption of validity that attaches to prior proceedings. *People v. Simpson,* 69 P.3d 79, 80 (Colo.2003).

■ Here, because defendant did not include the first motion in the record, we have no basis on which to conclude that the trial court erred by ruling that the second motion contained the same or substantially similar allegations as the first motion. Further, its ruling is consistent with the comparable titles of the motions, which are set forth in its orders denying them.

Accordingly, we turn to the consequences of that ruling, assuming defendant may have received an illegal sentence.

## IV. Absolute Bar

We reject the Attorney General's contention that the trial court properly applied an absolute bar to the second motion because it was successive.

■ Claims of an illegal sentence include mandatory parole challenges, which must be brought under Crim. P. 35(a). *People v. Rockwell,* 125 P.3d 410, 415–16 (Colo.2005); *People v. Heredia,* 122 P.3d 1041 (Colo.App. 2005).

■ The remedy for error in an earlier ruling is generally an appeal of that ruling, not a second motion on the same ground raised in the prior motion. *Henson v. People,* 163 Colo. 302, 303–04, 430 P.2d 475, 476 (1967).

Our supreme court has articulated many broad statements against successive postconviction motions seeking the same or similar relief. *See, e.g., People v. Hubbard,* 184 Colo. 243, 247, 519 P.2d 945, 947 (1974) (postconviction proceedings do not "authorize the defendant to file successive motions based upon the same or similar allegations in the hope that a sympathetic judicial ear may eventually be found") (motion under earlier version of Crim. P. 35(b), now Crim. P. 35(c) ); *People v. Hampton,* 187 Colo. 131,

133, 528 P.2d 1311, 1312 (1974) ("Post-conviction proceedings are provided as a method of preventing injustices from occurring after a defendant has been convicted and sentenced, but not for the purpose of providing a perpetual right of review.") (same); *People ex rel. Wyse v. Dist. Court,* 180 Colo. 88, 94, 503 P.2d 154, 157 (1972) (postconviction relief "does not afford any person the right to clog judicial machinery with repetitive postconviction proceedings seeking relief on the same principles of law and the same factual claims") (habeas corpus petition).

■ Crim. P. 35(c)(3)(VI) expressly bars relief on certain claims that were "raised and resolved in a prior ... postconviction proceeding." But here the second motion is cognizable only under Crim. P. 35(a), which does not contain similar language. Although Crim. P. 35(a) allows for the correction of an illegal sentence "at any time," this phrase does not contemplate relief on a matter that has been resolved in a prior proceeding. *See People v. Bradley,* 169 Colo. 262, 264–65, 455 P.2d 199, 200 (1969). Thus, we must examine judge-made principles of finality as grounds for barring a successive motion under this section of the rule.

### A. Res Judicata

■ Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in that action. *See People v. Hubbard, supra,* 184 Colo. at 246, 519 P.2d at 947.

■ However, "the doctrine of res judicata does not apply" to postconviction motions. *People v. Hubbard, supra,* 184 Colo. at 246, 519 P.2d at 947; *accord People v. Billips,* 652 P.2d 1060, 1063 (Colo.1982). *But see People v. Abeyta,* 923 P.2d 318, 321 (Colo.App.1996) (noting that in *Billips,* "for some unknown reason but not as a result of any action taken by the defendant, the claim was not addressed by either the trial court or the appellate court").

Moreover, because we have upheld the trial court's conclusion that the first motion raised the same issue as the second motion,

the res judicata bar of claims that could have been made in a prior proceeding does not help us resolve the scope of the successive bar here.

### B. Collateral Estoppel

 Collateral estoppel, or issue preclusion, is a narrower rule than res judicata in that once a court has decided an issue necessary to its judgment, the decision will preclude relitigation of that issue in a later action involving a party to the first case. *Byrd v. People*, 58 P.3d 50, 54 (Colo.2002). Here, the trial court's conclusion that the motions raised the same issue would be sufficient to invoke collateral estoppel.

Based on authorities rejecting res judicata in postconviction proceedings, a division of this court has concluded that collateral estoppel does not apply to postconviction motions under Crim. P. 35. *People v. Wright*, 662 P.2d 489, 490–91 (Colo.App.1982) ("Conventional notions of finality of litigation have no place when life or liberty is at stake . . . ." (quoting *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963)) ), *aff'd*, 690 P.2d 1257 (Colo.1984). In *People v. Shepard*, 151 P.3d 580, 583–84 (Colo.App.2006), however, another division distinguished *Wright* because "the fact that a court is not precluded from considering a successive motion for postconviction relief does not require it to do so."

Our supreme court has neither spoken to the tension between *Wright* and *Shepard*, nor specifically addressed collateral estoppel under Crim. P. 35. In general, state and federal law concerning res judicata and collateral estoppel are similar. *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 832 (Colo. App.1996). Hence, we look to federal precedent for guidance.

Several federal courts have declined to apply collateral estoppel to motions filed under the prior version of Fed.R.Crim.P. 35(a), which was similar to Crim. P. 35(a). *See United States v. Mazak*, 789 F.2d 580, 581 (7th Cir.1986) (citing *Sanders v. United States, supra*, 373 U.S. at 15–17, 83 S.Ct. at 1077–78); *Paul v. United States*, 734 F.2d 1064, 1065–66 (5th Cir.1984). In *United States v. Kress*, 944 F.2d 155, 162 (3d Cir.

1991), the court took the opposite view, but *Kress* has never been cited for this holding.

We consider the *Mazak* view to be well reasoned, and therefore, like the division in *People v. Wright, supra*, we decline to apply collateral estoppel.

### C. Law of the Case

 The law of the case doctrine is more flexible than collateral estoppel. Under this doctrine, "prior relevant rulings made in the same case are to be followed unless such application would result in error or unless the ruling is no longer sound due to changed conditions." *People v. Dunlap*, 975 P.2d 723, 758 (Colo.1999); *see also People v. Fogle*, 116 P.3d 1227 (Colo.App.2004)(applying law of the case under Crim. P. 35(c) ). But "a court may, where appropriate, overlook the doctrine and its own prior ruling to grant relief under Crim. P. 35(a)." *People v. Heredia, supra*, 122 P.3d at 1049 (Russel, J., dissenting). Overlooking the doctrine is appropriate where "manifest injustice would result." *People v. Roybal*, 672 P.2d 1003, 1005 n. 5 (Colo.1983).

Federal courts have also applied the law of the case doctrine to bar successive postconviction illegal sentence claims. *United States v. Mazak, supra*, 789 F.2d at 581; *Paul v. United States, supra*, 734 F.2d at 1065–66.

 We are persuaded that successive postconviction motions under Crim. P. 35(a) should be subject to the law of the case doctrine because this doctrine best balances jurisdictional considerations unique to motions raising illegal sentence claims against the problem of postconviction proceedings becoming a cycle of "perpetual review." *Leske v. Golder*, 124 P.3d 863, 865 (Colo.App. 2005).

The law of the case doctrine affords a court sufficient flexibility to correct action in excess of its jurisdiction, such as an illegal sentence. *People v. White*, 179 P.3d 58, 61 (Colo.App. 2007) ("When a court issues an order that results in an illegal sentence, it has acted outside the scope of its jurisdiction."); *accord Downing v. People*, 895 P.2d 1046, 1050 (Colo.1995); *United States v.*

*Henry,* 709 F.2d 298, 307–08 (5th Cir.1983) (a court's power to correct an illegal sentence derives from the court's lack of jurisdiction to impose an illegal sentence); *see also People v. Wenzinger,* 155 P.3d 415, 417 (Colo.App.2006)(distinguishing between an illegal sentence claim and a claim that the sentence was imposed in an illegal manner).

Further, this flexibility is consistent with the absence of language in Crim. P. 35(a) applying an absolute successive bar, like that in Crim. P. 35(c). *See People v. Campbell,* 885 P.2d 327, 329 (Colo.App.1994) ("when a statute specifies the particular situations in which it is to apply, it should generally be construed as excluding from its operation all other situations not specified").

Accordingly, we conclude that the law of the case doctrine, rather than an absolute bar, should be applied to successive Crim. P. 35(a) motions, and turn to the particular facts before us.

### V. Application of Law of the Case

█ Despite the discretion afforded courts under the law of the case doctrine, we conclude that here no purpose would be served by remanding for the trial court to exercise its discretion. Barring as successive defendant's second motion, where defendant did not appeal the order denying the first motion, and assuming illegality in the parole component of his sentence, would constitute an abuse of discretion.

█ "The court has an affirmative duty to correct [an illegal sentence] error" and "may discharge this duty on its own motion." *People v. White, supra,* 179 P.3d at 61; *see People v. Rockwell, supra,* 125 P.3d at 414. Correcting illegal action is important to the integrity of the judicial process. We accord the competing interest in finality less weight here because defendant did not obtain appellate review of the order denying his first motion.

On the one hand, this balancing could encourage an inmate not to appeal denial of a Crim. P. 35(a) motion in the hope that a successive motion may get a more "sympathetic judicial ear." *People v. Hubbard, supra,* 184 Colo. at 247, 519 P.2d at 947; *cf.*

*People v. Abeyta, supra,* 923 P.2d at 321 (declining to follow *People v. Billips, supra,* because the defendant had voluntarily withdrawn an issue from consideration in the postconviction court, and then raised it in a subsequent motion).

On the other hand, our supreme court has been reluctant to treat an unappealed order with finality. *See People v. Billips, supra,* 652 P.2d at 1063 (citing American Bar Association Standards on Finality of a Judgment in a Postconviction Proceeding, Repetitive Applications, Standard 226.2(a)(2) (2d ed.1980); a question has been "fully and finally litigated," and is therefore binding, "when the highest state court to which an applicant can appeal . . . has ruled on the merits of the claim"); *see also People v. Scheer,* 184 Colo. 15, 19, 518 P.2d 833, 834 (1974).

In resolving this tension, as well as other issues inherent in successiveness cases, we note the relevancy of the following factors, but do not address them because they have not been raised or the record is inadequate for resolution:

- Application of cases that hold a defendant who declines to appeal may under some circumstances be barred from postconviction relief based on abuse of process. *See People v. Rodriguez,* 914 P.2d 230, 253 (Colo.1996); *see also People v. Hansen,* 972 P.2d 283, 284 (Colo.App. 1998) (limited record was silent concerning why defendant failed to appeal the order denying his first motion).

- Recognition that although barring an illegal sentence motion because a prior ruling rejecting a similar motion had been affirmed on appeal would perpetuate manifest injustice, "the so-called 'modern rule . . . gives *finality* substantially greater weight than *validity*'." *In re Marriage of Mallon,* 956 P.2d 642, 644–45 (Colo.App.1998) (quoting Restatement (Second) of Judgments § 12 (1982)); *cf. People ex rel. Garner v. Garner,* 33 P.3d 1239, 1240 (Colo.App.2001)(finality of a prior proceeding can bar a challenge to the court's subject matter jurisdiction).

- Consideration whether a defendant was represented by counsel in the prior proceeding. *Cf. Turman v. Buckallew,* 784 P.2d 774, 780 (Colo.1989)("unless special circumstances exist," which may include lack of representation by counsel, failure to include all grounds for relief in the first motion will "ordinarily result in a second application containing such grounds being summarily denied" (quoting *People v. Scheer, supra,* 184 Colo. at 20, 518 P.2d at 835)); *People v. Naranjo,* 738 P.2d 407, 409 (Colo.App.1987) ("When such assistance [of counsel] is provided in an initial proceeding, subsequent postconviction proceedings can be foreclosed....").

## VI. Guilty Plea

■■■ Alternatively, the Attorney General contends that if the second motion cannot have been denied as successive, the plea agreement should be set aside because it improperly called for mandatory parole. We agree with the Attorney General's statement of the law, but discern no reason to void the plea agreement unless the trial court clarifies that it intended to sentence defendant to mandatory parole.

■■■ When a legal plea agreement is enforced by means of an illegal sentence, the sentence may be modified by correcting the mittimus on remand. *Delgado v. People, supra,* 105 P.3d at 637. But when the illegal sentence is called for by the plea bargain, " 'a later sentence imposed within statutory guidelines cannot correct' the flaw resulting from the improper inducement." *Delgado v. People, supra,* 105 P.3d at 637 (quoting *Craig v. People,* 986 P.2d 951, 960 (Colo.1999)).

■■■ Thus, if a defendant enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence.

*People v. Hummel,* 131 P.3d 1204, 1206 (Colo.App.2006) (quoting *People v. Green,* 36 P.3d 125, 127 (Colo.App.2001)). Hence, *Delgado* appears to have superseded cases suggesting that such a plea agreement need not be vacated. *See, e.g., People v. Jones,* 957 P.2d 1046, 1047 (Colo.App.1997).

Here, because the plea agreement called for mandatory parole, it injected an illegal element, and any resulting illegal sentence cannot be corrected. Nevertheless, the phrase "plus 2 years parole" does not prelude the possibility that the trial court intended to impose only discretionary parole.

Therefore, on remand the trial court shall clarify whether it intended that the parole portion of the sentence be mandatory or discretionary. *See People v. Williams,* 33 P.3d 1187, 1188 (Colo.App.2001) (remanding for clarification of sentence). If the trial court intended parole to be mandatory, the guilty plea shall be vacated. But if the trial court intended parole to be discretionary, the guilty plea shall stand, and the court shall correct the mittimus to reflect discretionary parole as determined by the Parole Board.

The order is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge ROMÁN concur.