24CA0352 Peo v Collier 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0352
Adams County District Court Nos. 00CR952 & 00CR1592
Honorable Kyle Seedorf, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

William Swain Collier, Jr.,

Defendant-Appellant.

ORDERS AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BROWN
Welling and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

William Swain Collier, Jr., Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, William Swain Collier, Jr., appeals the district court's orders denying his most recent postconviction motions.  We affirm the orders and remand the cases to the district court to amend the mittimuses.

## I.    Background

¶ 2    In 2001, as part of a global plea agreement, Collier pleaded guilty to third degree sexual assault for acts committed in February 2000 in case number 00CR952, to first degree sexual assault for acts committed in October 1999 in case number 00CR1592, and to aggravated robbery in case number 00CR438, the latter of which is not at issue in this appeal.  Under the plea agreement's stipulated sentencing terms, the district court sentenced Collier to the custody of the Department of Corrections (DOC) for terms of five years to life, a consecutive sixteen years to life, and a consecutive ten years, respectively.  The court also imposed ten-year-to-life parole terms on the two sexual assault counts.

¶ 3    In March 2022, Collier filed in each case a "Motion to Withdraw Plea and Plea[d] Anew."  The postconviction court construed the motions as a Crim. P. 35(c) motions and denied them, and a division of this court affirmed.  *See People v. Collier,*

1

(Colo. App. No. 22CA1100, May 25, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 4      In December 2023, Collier filed identical Crim. P. 35(a) motions to correct an illegal sentence in each case. In the motions, he argued that the district court (1) impermissibly imposed sentences on his sexual assault convictions under a statute that had not been enacted at the time of sentencing; and (2) improperly ordered him to serve mandatory parole terms on those convictions. Regarding the first issue, Collier asserted that the court asked his permission to sentence him under the "new" Sex Offender Lifetime Supervision Act (SOLSA), which was not enacted until 2002, and that this error created an illegal sentence and undermined the validity of his guilty pleas.

¶ 5      The postconviction court denied the motions. The court determined that Collier was correctly sentenced under the version of SOLSA that was in effect at the time of his sentencing and that, in 2002, the Act was simply recodified in another statutory section. The court also distinguished the authority Collier relied on to support his parole argument and found that his mittimuses accurately reflected ten-year-to-life parole terms without reference

to whether parole was mandatory or discretionary, as appropriate under SOLSA.  Collier appeals.

## II.    Legal Authority and Standard of Review

¶ 6    Crim. P. 35(a) permits a court to correct an illegal sentence at any time.  "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76, ¶ 11.  We review de novo the legality of a sentence.  *Magana v. People*, 2022 CO 25, ¶ 33.

## III.    Statutory Authority for the Sentences Imposed

¶ 7    We conclude that the record does not support Collier's assertion that the district court sentenced him under a nonexistent statute or sought his permission to do so.  We acknowledge that at the providency and sentencing hearings the court said that Collier's convictions were subject to the "new Sex Offender Statute."  But we

are not persuaded that these references indicate that the court was relying on a nonexistent or subsequently-enacted statute.[1]

¶ 8    At all times relevant to Collier's sentences, SOLSA was in effect and codified at sections 16-13-801 to -812, C.R.S. 2000. *See* § 16-13-812, C.R.S. 2000 (SOLSA "shall apply to any person who commits a sex offense on or after November 1, 1998."); § 18-1.3-1012, C.R.S. 2024; *Vensor v. People*, 151 P.3d 1274, 1276 (Colo. 2007) (SOLSA was enacted in 1998). In 2002, after Collier was sentenced, SOLSA was simply recodified at sections 18-1.3-1001 to -1012, C.R.S. 2024. *See Vensor*, 151 P.3d at 1276 n.2 ("In 2002, [SOLSA] was relocated to part 10, article 1.3, title 18. The majority of the Act, as it appears today, is identical to the original 1998 statute at sections 16-13-801 to -812."). And Collier fails to explain how or why his sentences are inconsistent with this

---

[1] In his reply brief, Collier claims that the sentencing hearing transcript does not accurately capture what was said at the hearing, but he did not seek to correct the record. *See* C.A.R. 10(g)(1) ("If any difference arises as to whether the record truly discloses what occurred in the trial court . . . , the difference must be submitted to and settled by the trial court," and "[t]he party moving to settle the record must file a motion to stay the appellate court proceedings in the appellate court while the trial court considers the motion to settle the record.").

4

statutory scheme. *See People v. Houser*, 2020 COA 128, ¶ 24 (we will not consider a bald legal proposition presented without argument or development); *see also People v. Brooks*, 2018 CO 77, ¶ 32 ("The law in effect at the time an offense is committed generally controls the sentence to be imposed for that offense.").

¶ 9     To the extent Collier's argument is premised on his dissatisfaction with the DOC's withholding of good time or earned time credits — including any claim that the DOC is computing those credits under the wrong version of SOLSA — such claim is not cognizable in this criminal proceeding, to which the DOC is not a party. *See Exec. Dir. of Colo. Dep't of Corr. v. Fetzer*, 2017 CO 77, ¶ 3 (the defendant filed a petition pursuant to C.R.C.P. 106(a)(2) to challenge the DOC's allegedly improper calculation of his parole eligibility); *Naranjo v. Johnson*, 770 P.2d 784, 787 (Colo. 1989) (The defendant's argument "that he is being unconstitutionally denied the opportunity to be considered for parole" is not cognizable under Crim. P. 35(c) but, rather, "review is provided under the habeas corpus statutes."); *People v. Huerta*, 87 P.3d 266, 267 (Colo. App. 2004) ("Because [the] defendant's challenge is not to his sentence, but rather to an act by DOC, Crim. P. 35(a) does not give the trial

5

court the authority to decide the issues raised in [his] motion;" instead, "[the] [d]efendant's claim lies in an action against DOC or the State Board of Parole, neither of which is a party here."); *People v. Carrillo*, 70 P.3d 529, 530-31 (Colo. App. 2002) (the defendant's claim was not cognizable under Crim. P. 35 because he was seeking relief from an act of the DOC, rather than relief from his conviction and sentence).

¶ 10    Lastly, to the extent Collier is challenging the validity of his conviction, such claim would substantively fall under Crim. P. 35(c) and must be denied as successive and untimely. *See* Crim. P. 35(c)(3)(VI)-(VII); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010); *see also* § 16-5-402(1), (1.5), C.R.S. 2024.

## IV.    Parole Term

¶ 11    Next, we reject Collier's contention that the district court erroneously sentenced him to mandatory parole. He argues that, under *People v. Tolbert*, 216 P.3d 1 (Colo. App. 2007), he should be subject to discretionary parole under section 17-2-201(5)(a.5), C.R.S. 2024. But we agree with the postconviction court that *Tolbert* is distinguishable. And although we conclude that Collier did not erroneously receive "mandatory" parole, we remand the

6

cases to the district court to amend the mittimuses to reflect more accurate parole language.

¶ 12    A claim that a sentence erroneously includes a mandatory parole term, rather than a statutorily required discretionary parole term, is cognizable as a Crim. P. 35(a) challenge to an illegal sentence. *People v. Rockwell*, 125 P.3d 410, 415-16 (Colo. 2005); *Tolbert*, 216 P.3d at 3-4.

¶ 13    In *Tolbert*, the defendant pleaded guilty to class 5 felony attempted sexual assault, which was not a sex offense subject to SOLSA. *See Tolbert*, 216 P.3d at 3; *see also* § 16-13-803(5)(b), C.R.S. 2000 (an attempted sexual offense is governed by SOLSA if the crime constitutes a class 2, 3, or 4 felony); § 18-1.3-1003(5)(b), C.R.S. 2024. While the parole provisions of section 17-2-201(5)(a.5) apply to "any person sentenced for conviction of an offense involving unlawful sexual behavior . . . committed on or after July 1, 1996, but prior to July 1, 2002," a person sentenced for conviction of a sex offense pursuant to SOLSA is instead subject to the parole provisions of subsection (5)(a.7). *See* Ch. 48, sec. 2, § 17-2-201, 2002 Colo. Sess. Laws 125 (modifying subsection (5)(a.5) to clarify that the provisions therein apply "[e]xcept as otherwise provided in

7

paragraph (a.7) of this subsection (5)"); *see also People v. Tucker*, 194 P.3d 503, 504 (Colo. App. 2008) (explaining that the applicable parole provision for crimes covered by SOLSA is section 17-2-201(5)(a.7)). Thus, *Tolbert* and section 17-2-201(5)(a.5) do not apply because Coller's convictions for first degree sexual assault and third degree sexual assault were subject to SOLSA. *See* § 16-13-803(4), (5)(a)(I)(B), (5)(a)(III)(B); § 16-13-804(1)(a), C.R.S. 2000; § 18-1.3-1003(4), (5)(a)(I)(B), (5)(a)(III)(B); § 18-1.3-1004(1)(a), C.R.S. 2024; *see also People v. Manaois*, 2021 CO 49, ¶ 36 ("SOLSA applies . . . to any 'sex offense' — as that term is defined in section 18-1.3-1003(5) . . . — committed on or after November 1, 1998 . . . ."); *Tucker*, 194 P.3d at 504.

¶ 14     In *Tucker*, a division of this court considered the correct language to use on a mittimus for the parole term of a sentence imposed under SOLSA and concluded that neither "mandatory" nor "discretionary" parole was "an accurate characterization of the applicable statutes." 194 P.3d at 504; *see also* § 16-13-806(1)(b), C.R.S. 2000; § 17-2-201(5)(a.7); § 18-1.3-1006(1)(b), C.R.S. 2024. The division explained that, because parole terms imposed under SOLSA are in some respects mandatory (requiring a minimum term)

8

and in some respects discretionary (allowing for discretionary release after the minimum term),

> rather than characterizing the language as "mandatory" parole or "discretionary" parole, the better practice would be to state on the mittimus that parole is determined under section 18–1.3–1006(1)(b) . . . , subject to the provisions of section 17–2–201(5)(a.7).

*Tucker,* 194 P.3d at 504.

¶ 15    We agree with *Tucker* and conclude that the cases should be remanded for the district court to amend each mittimus to include this more accurate parole language. *See also People v. Herdman,* 2012 COA 89, ¶ 90. We further agree with the People that Collier's ten-year-to-life parole term on his class 3 felony first degree sexual assault conviction in 00CR1592 is incorrect and that he is, instead, subject to a twenty-year-to-life parole term in that case. *See* § 16-13-806(1)(b); § 18-1.3-1006(1)(b). The mittimus in 00CR1592 should also be corrected accordingly.

## V.    Disposition

¶ 16    The orders are affirmed, and the cases are remanded to the district court to amend the mittimuses consistent with this opinion.

JUDGE WELLING and JUDGE HAWTHORNE concur.