24CA0532 Peo v Stevens 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0532
El Paso County District Court Nos. 95CR3067 & 95CR3461
Honorable David Shakes, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Shane Stevens,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE GOMEZ
Fox and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Shane Stevens, Pro Se

¶ 1     Defendant, Shane Stevens, appeals the district court's order denying his pro se Crim. P. 35(a) motion to correct an illegal sentence.  We affirm.

## I.     Background

### A.     Plea Disposition and Sentencing

¶ 2     In 1995, Stevens, then a juvenile, entered into a plea disposition resolving two separate, unrelated cases in El Paso County District Court.  In Case No. 95CR3067, he pleaded guilty to attempted first degree assault, and in Case No. 95CR3461, he pleaded guilty to first degree sexual assault and escape.

¶ 3     Stevens was initially sentenced to twelve years in prison for the attempted assault count, consecutive to a four-year prison term for the escape count.  Those sentences were suspended on the condition that Stevens complete six years in the Youthful Offender System (YOS).  For the sexual assault count, the court sentenced Stevens to a six-year term of probation to be served consecutively to his YOS sentence.

¶ 4     In 1997, Stevens escaped from YOS.  The district court revoked his YOS sentence and imposed a sixteen-year prison sentence in Case No. 95CR3067, consecutive to a sixteen-year

1

prison sentence in Case No. 95CR3461. The minute orders don't reflect a consideration of the originally imposed probationary sentence, and there are no corresponding updated mittimuses.

¶ 5    Stevens filed a motion to reconsider his thirty-two-year sentence. Among other things, he asserted that, during the providency hearing, the district court repeatedly told him he would receive a maximum of sixteen years in prison if he failed to successfully complete YOS. The court granted the motion and amended Stevens' prison sentences to run concurrently with one another. While the amended judgments reflected concurrent sixteen-year prison sentences for each count, they still made no mention of the originally imposed probationary term for sexual assault.

B.    Previous Crim. P. 35(c) Proceedings and Appeals

¶ 6    In 1998, Stevens filed a pro se Crim. P. 35(c) motion seeking to have his guilty pleas and corresponding convictions in both cases vacated on various grounds. The public defender initially appointed to investigate Stevens' request for postconviction relief withdrew, concluding that the claims lacked merit. The district court agreed and denied Stevens' motion. On appeal, a division of this court

reversed and remanded the case with directions to appoint conflict-free counsel "for the purpose of pursuing . . . any arguably meritorious claims [Stevens] may have." *People v. Stevens*, (Colo. App. No. 00CA1817, Aug. 30, 2001) (not published pursuant to C.A.R. 35(f)) (*Stevens I*).

¶ 7    In 2002 and 2003, postconviction counsel filed an amended Crim. P. 35(c) motion and a memorandum of law in support of the amended motion. Relying on *Chae v. People*, 780 P.2d 481 (Colo. 1989), counsel claimed, as relevant here, that Stevens' plea agreement was invalid because it contained an illegal sentence — a probation sentence ordered to be served consecutively to a prison sentence — and that the illegal portion of the sentence couldn't be "severed from the plea agreement without a resulting material compromise of the same."

¶ 8    The district court denied Stevens' claim. However, after determining that it had erroneously revoked the previously imposed sentence to probation when it revoked Stevens' YOS term and hadn't adequately advised Stevens about mandatory parole, the court (1) vacated Stevens' sixteen-year prison sentence for sexual assault; (2) reinstated the six-year probation term for that offense,

3

to be served consecutively to Stevens' prison terms; and (3) amended the two remaining prison sentences to thirteen years each, to be served concurrently.

¶ 9    Stevens appealed the district court's order denying his guilty plea challenge, and a division of this court affirmed, reasoning that the district court had discretion to impose consecutive prison and probation sentences. *People v. Stevens*, slip op. at 3-6 (Colo. App. No. 04CA0289, Dec. 1, 2005) (not published pursuant to C.A.R. 35(f)) (*Stevens II*).

¶ 10   Several years later, in 2021, Stevens filed another pro se postconviction motion citing Crim. P. 35(a) and Crim. P. 35(c). He argued that, although he had served his sentences, the supreme court's holding in *Allman v. People*, 2019 CO 78, ¶¶ 33, 40 — that a court may not impose sentences to both imprisonment and probation for multiple offenses in the same case — rendered the sentencing scheme provided in his plea agreement illegal and that he should therefore be permitted to withdraw from the plea agreement and, thus, withdraw his guilty plea. Concluding that Stevens' sentence was not prohibited by *Allman*, the district court denied the motion without a hearing.

4

¶ 11    A division of this court affirmed the district court's denial on different grounds. *People v. Stevens*, (Colo. App. No. 21CA1829, Jan. 26, 2023) (not published pursuant to C.A.R. 35(e)) (*Stevens III*). The division concluded that, although *Allman* rendered Stevens' original sentences to prison and probation illegal, the issue was moot because he had fully served his sentences. *Id.* at ¶¶ 18-19. The division also concluded that Stevens' challenge to the validity of his plea, properly construed under Crim. P. 35(c), was successive because it was raised and resolved in *Stevens II* and because *Allman* didn't provide an exception to the bar on successive motions. *Id.* at ¶¶ 20-28.

C.    Current Postconviction Proceedings

¶ 12    In 2024, Stevens filed the pro se Crim. P. 35(a) motion at issue. He again argued that his mixed prison and probation sentences were illegal, which rendered his plea agreement invalid. He also argued that he wasn't procedurally barred from raising the claim because illegal sentence claims can be raised at any time. Acknowledging that he had fully served his sentences in these cases, Stevens asserted that the sentences imposed were "void ab initio" and required "the judgment of conviction [to] be vacated." He

further asserted that he had a "present need" to challenge the sentences because he is required to register as a sex offender for life. Thus, Stevens asked the district court to rule that his plea was invalid, "vacate the guilty plea," and allow him to "plead anew."

¶ 13    The district court denied Stevens' motion as follows: "The motion to correct illegal sentence is denied. The issue is moot and was addressed in the Court of Appeals decision in 21CA1829 on January 26, 2023 at pages 8 and 9."

## II.    Analysis

¶ 14    On appeal, Stevens contends that the district court erred by denying his Crim. P. 35(a) motion. He maintains that his mixed prison and probation sentences were illegal under *Allman*, which rendered his plea agreement invalid. He again asserts that (1) he has a "present need" to challenge his sentences because he is required to register as a sex offender, (2) his plea agreement should be vacated, and (3) he should be allowed to plead anew.

¶ 15    As to Stevens' claim that his prison and probation sentences were illegal under *Allman*, the division in *Stevens III* previously ruled that, while the sentences were indeed illegal, such a claim was moot because Stevens had fully served his sentences. This

6

determination is the law of the case, and we see no reason to depart from it. *See People v. Tolbert*, 216 P.3d 1, 5 (Colo. App. 2007) (successive Crim. P. 35(a) claims are subject to the law of the case doctrine, under which courts follow earlier rulings from the same case unless it would result in error or the rulings are no longer sound due to changed conditions).

¶ 16 Stevens' claim that his illegal sentence rendered his plea agreement invalid, thereby requiring vacatur of the plea agreement, is cognizable under Crim. P. 35(c), not Crim. P. 35(a). *See People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005) ("[M]otions that challenge the validity of a defendant's plea or the manner in which it was taken are properly brought under Crim. P. 35(c)."). With certain exceptions not argued here, Crim. P. 35(c)(3)(VI) and (VII) require a district court to deny a Crim. P. 35(c) claim as successive if the issue was or could've been raised and resolved in a prior appeal or postconviction proceeding.

¶ 17 Here, Stevens' precise claim was raised and resolved in *Stevens III* and is therefore successive. He cannot merely change the caption of his motion to one under Crim. P. 35(a) in order to re-raise the claim. Nor may he use postconviction motions as a

means of obtaining perpetual review of his convictions. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996).

### III. Disposition

¶ 18    The order is affirmed.

JUDGE FOX and JUDGE LUM concur.