The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Edgar Linton TUCKER, Defendant–
Appellee.

No. 07CA1813.

Colorado Court of Appeals,
Div. V.

Sept. 4, 2008.

Pete Hautzinger, District Attorney, Jon
Levin, Deputy District Attorney, Grand
Junction, Colorado, for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public
Defender, Andrea R. Manning, Deputy State
Public Defender, Denver, Colorado, for De-
fendant–Appellee.

Opinion by Judge RICHMAN.

The People appeal the trial court's order
granting the motion of defendant, Edgar Lin-
ton Tucker, to correct his sentence pursuant
to Crim. P. 35(a). We remand the case for
correction of the mittimus.

Defendant was convicted by a jury of sexu-
al assault on a physically helpless victim,
sexual assault on a child by one in a position
of trust, sexual assault on a victim incapable
of appraising his or her conduct—each of
which is a class 4 felony—and two counts of
sexual assault where a ten-year age differ-
ence exists between the actor and the victim,
each a misdemeanor. The trial court sen-
tenced defendant to an indeterminate term of
four years to life under the Colorado Sex
Offender Lifetime Supervision Act of 1998
(Lifetime Supervision Act). On the mitti-
mus, the court wrote, "Plus a mandatory
period of parole as required by statute[,]"
and "Months on parole 0060." Defendant's
judgment and sentence were affirmed by a
division of this court in *People v. Tucker*,
2006 WL 348328 (Colo.App. No. 03CA2443,
Feb. 16, 2006) (not published pursuant to
C.A.R. 35(f) ).

Defendant subsequently filed a Crim. P.
35(a) motion to remove the court's reference
to mandatory parole from the mittimus. In
his motion, defendant cited to the then-re-
cent decision in *People v. Tolbert*, —— P.3d
——, 2007 WL 1288451 (Colo.App. No.
05CA1836, May 3, 2007) (*cert. granted* Apr.
14, 2008), in which a division of this court
wrote: "Attempted sexual assault committed
after July 1, 1996, but before July 1, 2002, is
subject to discretionary, not mandatory, pa-
role. *See* §§ 16–22–102(9), 17–2–201(5)(a.5),
C.R.S.2006." 2007 WL 1288451 at *1. The
People opposed defendant's Crim P. 35 mo-
tion, arguing that the Lifetime Supervision
Act calls for a mandatory period of parole
pursuant to section 18–1.3–1006(1)(b), C.R.S.
2007, for class 4 sexual offense felonies, and
that *Tolbert*, a case addressing an attempted
sexual assault, a class 5 felony, is not applica-
ble.

The court granted the motion and amend-
ed the mittimus to read "DISCRETIONARY
PAROLE CRS 17–2–201(5)(A.5)." The trial
court noted on the mittimus that it approved

the motion for the "reason stated by defendant's counsel" and cited to *Tolbert.* The People appealed.

The parties agree that defendant was convicted of offenses covered by the Lifetime Supervision Act. Moreover, the parties correctly agree that the court's reference on the amended mittimus to section 17–2–201(5)(a.5), C.R.S.2007, is misplaced. The applicable parole statute for defendant is section 17–2–201(5)(a.7), C.R.S.2007. *See* § 17–2–201(5)(a.5) (applying that subsection to sex offenders "[e]xcept as otherwise provided in paragraph (a.7) of this subsection (5)"). Paragraph (a.7) applies to defendants sentenced under the Lifetime Supervision Act, as was defendant in this case.

Section 17–2–201(5)(a.7) provides that as to any person sentenced pursuant to the Lifetime Supervision Act for a sex offense committed on or after November 1, 1998, which is the case with defendant, the parole board "shall grant parole or refuse to grant parole, fix the conditions thereof, and set the duration of the term of parole granted pursuant to the provisions of part 10 of article 1.3 of title 18, C.R.S." The parties here agree that if defendant is released on parole, the applicable statutory provision is section 18–1.3–1006(1)(b).

That statute provides, in pertinent part:

If a sex offender is released on parole pursuant to this section, the sex offender's sentence to incarceration shall continue and shall not be deemed discharged until such time as the parole board may discharge the sex offender from parole pursuant to subsection (3) of this section. The period of parole for any sex offender convicted of a class 4 felony shall be an indeterminate term of at least ten years and a maximum of the remainder of the sex offender's natural life.

The dispute in this appeal derives from the fact that section 18–1.3–1006(1)(b) contains language mandating a particular minimum indeterminate term of parole for certain levels of offenses falling under the Lifetime Supervision Act. *People v. Cooper,* 27 P.3d 348, 354 (Colo.2001) ("[T]he Act ... mandates minimum periods that Lifetime Supervision sex offenders must serve on parole.").

Thus, the People request that we reinstate the original language of the mittimus, which refers to a mandatory period of parole. Defendant argues that this statute, combined with section 17–2–201(5)(a.7), provides for discretionary parole. We are not satisfied that either description alone is an accurate characterization of the applicable statutes.

Section 18–1.3–1006(1)(b) plainly requires mandatory minimum periods of parole once the board has released an offender under the Lifetime Supervision Act. The overall statutory scheme, however, makes it clear that the board's decision to release offenders on parole contains elements of discretion, *see* § 17–2–201(5)(a.7) ("the board shall grant parole or refuse to grant parole, fix the conditions thereof, and set the duration of the term of parole granted"), provided that the discretion accords with the requirements of the Lifetime Supervision Act, sections 18–1.3–1001 to –1012. *See also Vensor v. People,* 151 P.3d 1274, 1276, 1277 (Colo.2007) ("[T]he Act assigns discretion to the parole board to release [a defendant] to an indeterminate term of parole of at least ten years for a class four felony, or twenty years for a class two or three felony.... The Act expressly allocates to the parole board the discretion to supervise for 'the remainder of the sex offender's natural life,' necessarily implying a sentence sufficiently long to permit that supervision whenever the parole board deems it necessary....").

No one word necessarily encompasses the requirements of the two statutes. Accordingly, rather than characterizing the language as "mandatory" parole or "discretionary" parole, the better practice would be to state on the mittimus that parole is determined under section 18–1.3–1006(1)(b), requiring the parole board to impose a minimum parole period of ten years for the class four felonies, subject to the provisions of section 17–2–201(5)(a.7). Since the mittimus incorrectly cites to section 17–2–201(5)(a.5), the case is remanded for the court to correct the mittimus in accordance with this decision.

The case is remanded for correction of the mittimus.

Judge DAILEY and Justice ROVIRA *
concur.