23CA0361 Peo v Pedersen 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0361 Mesa County District Court No. 99CR60 Honorable Richard T. Gurley, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Harry Earl Pedersen, Defendant-Appellant. ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division IV Opinion by JUDGE NAVARRO Pawar and Richman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Brock J. Swanson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Harry Earl Pedersen, Pro Se *Sitting by designation of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Harry Earl Pedersen, appeals the district court’s order denying his Crim. P. 35(a) motion and supplement. We affirm the order but remand for modification of the mittimus. I. Background ¶ 2 Based on allegations that he sexually assaulted three different children, Pedersen pleaded guilty to three counts of sexual assault on a child as part of a pattern of abuse. The remaining counts were dismissed. The date of offense for each count was “on or about NOVEMBER 01, 1998, through JANUARY 12, 1999.” ¶ 3 The district court sentenced Pedersen to concurrent ninety-
nine-year prison sentences on each count. In 2002, however, the court agreed with one of Pedersen’s postconviction arguments and amended his sentence to concurrent indeterminate terms of ten years to life in prison “[p]lus a mandatory period of parole as required by statute.” ¶ 4 In 2022, Pedersen moved for postconviction relief under Crim. P. 35(a), alleging that the parole component of his sentence was illegal. Relying on section 17-2-201(5)(a.5), C.R.S. 1998, he argued that he was subject to discretionary parole, rather than mandatory parole, because his offense was committed on or after July 1, 1996, 
2 but before July 1, 2002. Further, he asserted that, because section 17-2-201(5)(a.7) “was not valid until July 1, 2002,” applying this provision to his offenses would constitute a violation of the Ex Post Facto Clauses of the United States and Colorado Constitutions. ¶ 5 The prosecution responded that Pedersen’s parole sentence was governed by section 17-2-201(5)(a.7), not subsection (5)(a.5). But in accordance with People v. Tucker, 194 P.3d 503 (Colo. App. 2008), the prosecution proposed amending the mittimus to read, “Parole is determined under section 16-13-806(1)(b), C.R.S. 1999, requiring the parole board to impose a minimum parole period of twenty years for the class three felony, subject to the provisions of section 17-2-201(5)(a.7), C.R.S. 1999.” ¶ 6 The district court denied the motion but amended the mittimus to reflect that “[d]efendant’s term of incarceration is followed by parole as provided by law. The board is to review [d]efendant’s sentence and determine the period of parole by the application of the law in effect on the date of offense.” II. Analysis ¶ 7 Pedersen contends that the parole portion of his sentence is illegal because it should be subject to “a discretionary definite 
3 parole period of five years” as required by section 17-2-201(5)(a.5), and not “indeterminate mandatory parole of 10 to 20 years.” An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature. People v. Jenkins, 2013 COA 76, ¶ 11. Illegal sentence claims may be raised at any time. Crim. P. 35(a). Reviewing the legality of Pedersen’s sentence de novo, Jenkins, ¶ 11, we reject his contention. ¶ 8 A person convicted of a sex offense committed on or after November 1, 1998, is subject to the provisions of the Colorado Sex Offender Lifetime Supervision Act of 1998 (Act). § 18-1.3-1012, C.R.S. 2023. Sexual assault on a child as part of a pattern of abuse, as described in section 18-3-405, C.R.S. 2023, is defined as a sex offense. § 18-1.3-1003(5)(a)(IV), C.R.S. 2023. Therefore, because Pedersen was convicted of three counts of sexual assault on a child committed on or after November 1, 1998, he is subject to the Act. See People v. Simon, 219 P.3d 789, 790 (Colo. App. 2009) (“Crimes such as [sexual assault on a child], if committed after November 1, 1998, would . . . be subject to an indeterminate life 
4 sentence under the . . . Act.”), rev’d on other grounds, 266 P.3d 1099 (Colo. 2011). ¶ 9 Once a sex offender sentenced to incarceration under the Act has completed the minimum term of their sentence (less any earned time), the parole board determines whether to release them to parole. § 18-1.3-1006(1)(a), C.R.S. 2023. In this sense, whether to release a sex offender to parole is within the parole board’s discretion. But if the parole board does so, section 18-1.3-
1006(1)(b) plainly requires mandatory minimum periods of parole. See Tucker, 194 P.3d at 504 (recognizing that using the words “mandatory” and “discretionary” to characterize sex offender parole does not adequately encompass the requirements of the Act). ¶ 10 Because Pedersen was convicted of three class 3 felony sex offenses committed on or after November 1, 1998, he was subject to a statutorily mandated parole period of at least twenty years, up to a maximum of the remainder of his life. See § 18-1.3-1006(1)(b). Accordingly, the parole portion of his sentence comports with the statutory sentencing scheme and is therefore authorized by law. ¶ 11 Nevertheless, Pedersen asserts that he should have been sentenced to a discretionary term of parole under section 17-2-
5 201(5)(a.5). While subsection (5)(a.5) allows discretionary parole for some sex offenses committed between July 1996 and July 2002, it does not apply to all sex offenses. Specifically, the discretionary parole term does not apply to a “person sentenced for conviction of a sex offense” under the Act for an offense committed on or after November 1, 1998. § 17-2-201(5)(a.7); see also Ch. 303, sec. 10, § 17-2-201(5)(a.7), 1998 Colo. Sess. Laws 1291 (enacting exception to section 17-2-201(5)(a.5) for sex offenses committed on or after November 1, 1998, that are subject to sentencing under the Act). Rather, section 17-2-201(5)(a.7) applies to sex offenses within the meaning of the Act — like Pedersen’s — committed on or after November 1, 1998, and requires a term of parole consistent with the Act. ¶ 12 As to Pedersen’s assertion that subsection (5)(a.7) was “not valid” until July 1, 2002 (after his offense dates) and, therefore, cannot be applied to him, we disagree. Subsection (5)(a.7) was in effect before the General Assembly’s 2002 amendment to subsection (5)(a.5). Subsection (5)(a.5) was amended in 2002 to add the language, “[e]xcept as otherwise provided in paragraph (a.7) of this subsection (5),” which clarified that subsection (5)(a.5) does 
6 not apply where subsection (5)(a.7) applies. See Ch. 48, sec. 2, § 17-2-201(5)(a.5), 2002 Colo. Sess. Laws 125. Because the amended language merely clarified the pre-existing statute, it did not change the law. See People v. Frantz, 114 P.3d 34, 39 (Colo. App. 2004) (the presumption that the legislature intended to change the law by amending a statute does not apply if the amendment simply clarifies the pre-existing statutes). Thus, because section 17-2-201(5)(a.7) was in effect when Pedersen committed the offenses for which he pleaded guilty, his ex post facto claim regarding this statute lacks merit. ¶ 13 Furthermore, the cases on which Pedersen relies are inapposite. People v. Rockwell, 125 P.3d 410 (Colo. 2005), Delgado v. People, 105 P.3d 634 (Colo. 2005), Martin v. People, 27 P.3d 846 (Colo. 2001), and People v. Cooper, 27 P.3d 348 (Colo. 2001), involved sex offenses committed before November 1, 1998. See Rockwell, 125 P.3d at 416 (addressing parole for a defendant who committed a crime between July 1, 1993, and July 1, 1996); Delgado, 105 P.3d at 636 (addressing parole for a defendant who committed a crime in February 1998); Martin, 27 P.3d at 849 (addressing parole for a defendant convicted of a sexual assault 
7 committed in 1993); Cooper, 27 P.3d at 357 n.7 (stating that its holding does not address parole for any offenders convicted of a sexual offense occurring after the enactment of the Act). And People v. Tolbert, 216 P.3d 1 (Colo. App. 2007), addressed a defendant who was convicted of a class 5 felony; therefore, the provisions of parole under the Act (and at issue in this case) were not applicable. See § 18-1.3-1006(1)(b); see also Tucker, 194 P.3d at 503-04 (distinguishing Tolbert on that basis). ¶ 14 Accordingly, having concluded that Pedersen’s offenses are subject to section 17-2-201(5)(a.7) and require the parole board to set the duration of the term of parole as required by the Act, the district court correctly amended the mittimus to remove the reference to mandatory parole. We agree with the People and the Tucker division, however, that the better practice is to state on the mittimus the applicable statutory provisions — that parole is determined under section 18-1.3-1006(1)(b), requiring the parole board to impose a minimum parole period of twenty years for the class 3 felonies, subject to the provisions of section 17-2-
201(5)(a.7). See Tucker, 194 P.3d at 504. 
8 III. Conclusion ¶ 15 The order is affirmed, and the case is remanded for modification of the mittimus consistent with this opinion. JUDGE PAWAR and JUDGE RICHMAN concur.