23CA1682 Peo v Moore 11-27-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1682
Jefferson County District Court No. 10CR1588
Honorable Philip J. McNulty, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher L. Moore,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by CHIEF JUDGE ROMÁN
Hawthorne* and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

---

Philip J. Weiser, Attorney General, Megan C. Rasband, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher L. Moore, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Christopher L. Moore, appeals the district court's order denying his most recent Crim. P. 35(c) motion without a hearing. We affirm the order but remand for correction of the mittimus.

## I.    Background

¶ 2    A jury convicted Moore of aggravated incest, sexual exploitation of a child, and two counts of sexual assault on a child as part of a pattern of abuse (pattern counts). The trial court merged the aggravated incest count with one of the pattern counts and imposed consecutive indeterminate prison sentences of thirty-two years to life for each pattern count, and a consecutive determinate six-year sentence for the sexual exploitation count. The court stated that Moore would be subject to "a lifetime of parole."

¶ 3    On direct appeal, a division of this court affirmed Moore's convictions. However, the division remanded the case to correct the minimum term of Moore's two indeterminate sentences to twenty-four years. *People v. Moore*, (Colo. App. No. 12CA0787, Sept. 17, 2015) (not published pursuant to C.A.R. 35(f)) (*Moore I*). The appellate mandate in the direct appeal was issued on October

26, 2016, and the district court issued an amended mittimus consistent with the *Moore I* remand on November 4, 2016.

¶ 4    Moore then filed an unsuccessful Crim. P. 35(b) motion. He appealed the order denying relief, and a division of this court affirmed. *People v. Moore*, (Colo. App. No. 17CA0869, July 12, 2018) (not published pursuant to C.A.R. 35(e)) (*Moore II*).

¶ 5    In September 2020, Moore filed a Crim. P. 35(c) motion raising several claims of ineffective assistance of counsel. Without holding a hearing, the district court addressed the claims and denied relief. A division of this court affirmed on the alternative basis that the motion was untimely. *People v. Moore*, (Colo. App. No. 21CA0354, Sept. 29, 2022) (not published pursuant to C.A.R. 35(e)) (*Moore III*).

¶ 6    In March 2023, Moore filed another Crim. P. 35(c) motion, the denial of which is at issue here. He acknowledged that the motion was filed beyond the limitations period in section 16-5-402(1), C.R.S. 2024. But, he argued, his failure to seek relief within the applicable three-year period was the result of circumstances amounting to justifiable excuse. Namely, he asserted that "his original sentence was illegal" as determined by *Moore I* and he was raising "arguments related to that illegality," which, in his view, was

2

"permitted by section 16-5-402(2)(d)" under *Hunsaker v. People*, 2021 CO 83. He further asserted that his claims were not successive.

¶ 7　　Substantively, Moore asserted that trial counsel was ineffective in failing to:

> (1) investigate and discover the sentence illegality addressed in *Moore I*;
>
> (2) adequately investigate his background, including trauma in his childhood, and seek a psychosexual evaluation in order to obtain a plea bargain;
>
> (3) "look at the evidence prior to setting [the case] for trial";
>
> (4) file a motion to sever the counts involving his son;
>
> (5) challenge the expertise of a particular witness;
>
> (6) adequately understand his criminal history;
>
> (7) conduct an adequate voir dire during jury selection; and
>
> (8) conduct an adequate pretrial investigation.

¶ 8　　Moore further asserted that his direct appeal counsel took extensions of over three years to file an opening brief and failed to (1) communicate with him; (2) conduct an adequate investigation; (3) advise him of postconviction filing deadlines; and (4) inform the

court of appeals that he received ineffective counsel of trial counsel at sentencing and was entitled to a new sentencing hearing on remand. Last, he asserted that the trial court abused its discretion by permitting the prosecutor to introduce res gestae evidence at his trial.

¶ 9 The district court denied the motion without a hearing, concluding that it was untimely and successive.

## II.    Discussion

¶ 10 Moore contends that the district court erred by denying his motion without a hearing. Reviewing the matter de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

### A.    The Motion is Time Barred

¶ 11 Although Moore's motion acknowledged the untimeliness of his claims under section 16-5-402(1), he nonetheless contends that a remand is necessary "to determine the timeliness of [his] claims" and "to determine . . . justifiable excuse or excusable neglect." We disagree.

¶ 12 Absent an enumerated exception, section 16-5-402(1) gives felony defendants convicted of non-class 1 felonies — like Moore — three years from the time of their "convictions" to file a Crim. P.

35(c) motion. *Hunsaker,* ¶ 21. When a defendant directly appeals his judgment of conviction, as Moore did, the limitations period for seeking postconviction review under Crim. P. 35(c) begins to run when the direct appeal has been exhausted. *Id.* at ¶ 22. This is true even if an illegal sentence is subsequently corrected. *Id.* at ¶ 26 (disavowing the notion that a conviction — for purposes of the time limitation on Crim. P. 35(c) review — does not occur until an illegal sentence is corrected).

¶ 13 Consistent with this framework, Moore had until October 26, 2019 — three years from the end of his direct appeal when the mandate issued — to file the instant Crim. P. 35(c) motion. Thus, because it was filed in 2023, it was time barred unless an enumerated exception applied.

¶ 14 As noted, Moore asserted in his motion that the justifiable excuse exception set forth in section 16-5-402(2)(d) applied because the correction of his illegal sentence following *Moore I* permitted him to pursue a collateral attack related to the illegality in the original sentence. True, *Hunsaker* held that the "correction of an illegal sentence is precisely the sort of outside circumstance that excuses the untimely filing of a collateral attack with regard to claims that

5

the illegal sentence rendered the conviction itself infirm." *Id.* at ¶ 34. But such a late filing must be "related to" the sentence illegality; the correction of an illegal sentence cannot excuse the failure to timely bring a collateral attack unrelated to that illegality because "[t]hose arguments were always available to the defendant, regardless of whether the court . . . eventually correct[ed] the sentence." *Id.* at ¶¶ 34-35.

¶ 15    With two exceptions, none of the claims raised in Moore's postconviction motion were related to the sentence illegality identified by *Moore I.* The two that arguably were related to the sentence illegality were (1) trial counsel's alleged failure to investigate and discover it and (2) direct appeal counsel's failure to inform the court of appeals that Moore received ineffective counsel of trial counsel at sentencing. But even assuming that Moore could raise these two claims after the expiration of the three-year deadline in 2019, he failed to account for why he waited another four years to raise them in the instant motion. *See People v. Wiedemer*, 852 P.2d 424, 441 (Colo. 1993) (a defendant claiming justifiable excuse or excusable neglect must account for the entire period of his delay). And to the extent his motion offered additional

6

justifications, none of them establish justifiable excuse or excusable neglect:

- He claimed that he failed to file his Crim. P. 35(c) due to his direct appeal counsel's failure to advise him of the statutory time limitation. But ignorance of the time bar does not constitute justifiable excuse or excusable neglect. *People v. White*, 981 P.2d 624, 626 (Colo. App. 1998).

- He claimed that his appeal of the denial of his Crim. P. 35(b) motion tolled the time for filing his Crim. P. 35(c) petition. But even accepting that proposition as true, it does not explain why Moore waited until 2023 to file the instant motion when his Rule 35(b) proceedings concluded in 2018.

## B. The Claims Are Successive

¶ 16    In any event, even if we assume, for the sake of argument that any of Moore's postconviction claims are excused from the time bar, a district court "shall," with limited exceptions, deny any claim that could have been presented in a "previously brought" postconviction proceeding or appeal. All of Moore's claims could have been presented in his prior Crim. P. 35(c) motion or, in the case of the alleged error related to the admission of res gestae evidence, on

7

direct appeal. And to the extent the res gestae claim was premised on the abolishment of the res gestae doctrine in *Rojas v. People*, 2022 CO 8, *Rojas* does not provide an exception to the successiveness bar. *See* Crim. P. 35(c)(3)(VII)(c) (exempting from the successiveness bar claims based on a previously unavailable new rule of constitutional law); *see also People v. Cooper*, 2023 COA 113, ¶ 10 (*Rojas* did not announce a new constitutional rule).

¶ 17     On appeal, Moore asserts that his claims are not successive because (1) the merits of many of his claims have never been fully addressed and he has never received a hearing on any of his postconviction claims; and (2) he has represented himself in all his postconviction proceedings and has never been represented by counsel. Rule 35(c)(3)(VII) doesn't require claims to have been fully litigated and resolved on the merits to be successive. It requires only that the claims could have been presented in a previous postconviction proceeding or appeal. *See People v. Thompson*, 2020 COA 117, ¶ 44 (rejecting argument that postconviction claims were not successive because the defendant "ha[d] never previously" litigated them). And Moore's pro se status is of no consequence to the successiveness determination. *See People v. Taylor*, 2018 COA

8

175, ¶ 21 (rejecting argument that a defendant's pro se status when he filed his first Crim. P. 35(c) motion is an exception to the rule barring a second Crim. P. 35(c) as successive).

### III. New Claims

¶ 18    For the first time on appeal, Moore contends that (1) he did not know he could decline to waive the thirty-day preliminary hearing rule and (2) there were discovery violations by the prosecution. These claims are not properly before us because they were not raised in the motion under review. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996). However, to the extent Moore asserts that these alleged errors resulted in a jurisdictional defect, we disagree. Even if a discovery violation occurs, a court still has jurisdiction over the case because subject matter jurisdiction concerns the court's authority to deal with a class of cases, not its authority to enter a particular judgment within that class. *People v. Owen*, 122 P.3d 1006, 1008 (Colo. App. 2005); *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011); *see* Crim. P. 16(III)(g) (if a prosecuting attorney fails to comply with its discovery obligations under Crim. P. 16, a court may order sanctions that it deems just under the circumstances). Likewise, a district court is not stripped of

jurisdiction where the preliminary hearing is held more than thirty days after the demand.  *See People v. Thompson*, 736 P.2d 423, 424 (Colo. App. 1987); *see also People v. Gillis*, 2020 COA 68, ¶ 23 (a defendant who wishes to challenge a court's failure to hold a preliminary hearing in accordance with procedural rules must seek immediate review in the supreme court).

¶ 19     Also for the first time on appeal, Moore challenges the legality of his sentence on a new basis.  As we understand him, he claims that his indeterminate sentences are not authorized by law because (1) the district court did not hold a resentencing hearing following the *Moore I* remand and (2) he is subject to discretionary parole for these counts.  Because a court may correct a sentence not authorized by law at any time, we address these claims.

¶ 20     As an initial matter, the failure to hold a resentencing hearing presents a challenge to the manner in which a sentence was imposed.  The time limitation for filing such a challenge expired, at the latest, 126 days after the district court issued the amended mittimus correcting Moore's sentence on November 4, 2016.  *See* Crim. P. 35(a), (b).  In any event, *Moore I* determined that an additional sentencing hearing on remand was not necessary

because the "trial court clearly and unequivocally state[d] its intention to impose the maximum sentence." *Moore I*, slip op. at 19-20.

¶ 21    As to Moore's parole claim, the pattern counts were committed between 2004 and 2010 and were sex offenses subject to sentencing under the Sex Offender Lifetime Supervision Act (SOLSA). *See People v. Manaois*, 2021 CO 49, ¶ 36 (stating that SOLSA applies to any sex offense — as that term is defined in section 18-1.3-1003(5), C.R.S. 2024 — committed on or after November 1, 1998); *see also* § 18-1.3-1003(5)(a)(IV) (sexual assault on a child is a sex offense). A division of this court has determined that neither "mandatory" nor "discretionary" parole is "an accurate characterization of the applicable statutes" governing parole under SOLSA. *People v. Tucker*, 194 P.3d 503, 504 (Colo. App. 2008). Thus, we reject Moore's claim that he is subject to "discretionary parole." And to the extent he claims that he is subject to discretionary parole for his sexual exploitation of a child conviction, he is incorrect because sexual exploitation of a child is subject to a mandatory parole period. *See* §§ 18-6-403(3)(b.5), (5)(a), 17-2-201(5)(a.6), C.R.S. 2024.

11

## IV. The Mittimus Requires Correction

¶ 22    The People assert, and we agree, that the case should be remanded to correct the mittimus. *See* Crim. P. 36 ("Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time . . . ."). The mittimus reflects an indeterminate twelve-year sentence for count one (aggravated incest). Because count one was merged with one of the pattern counts, there should be no corresponding sentence for count one. Likewise, the mittimus simply states "lifetime parole." As the People note, parole for the pattern counts is an indeterminate twenty years to life. §§ 17-2-201(5)(a.7), 18-1.3-1006(1)(b), 18-3-405(2)(d), C.R.S. 2024; *see Manaois*, ¶ 44 (the parole period for a sex offender convicted of a class 3 felony is indeterminate and has a minimum term of twenty years); *Tucker*, 194 P.3d at 504 ("[R]ather than characterizing the language as "mandatory" parole or "discretionary" parole, the better practice would be to state on the mittimus that parole is determined under section 18-1.3-1006(1)(b) . . . , subject to the provisions of section 17-2-201(5)(a.7).").

12

¶ 23    The sexual exploitation of a child count, a class 4 felony, carries a three-year period of mandatory parole; thus, the mittimus should likewise so state.  §§ 17-2-201(5)(a.6), 18-6-403(5)(b), 18-1.3-401(1)(a)(V)(A), C.R.S. 2024.

## V.    Disposition

¶ 24    The order is affirmed, and the case is remanded for correction of the mittimus.

JUDGE HAWTHORNE and JUDGE BERGER concur.