24CA1042 Peo v Lawyer 03-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1042
Boulder County District Court No. 00CR817
Honorable Patrick Butler, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Edward Lawyer,

Defendant-Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 27, 2025

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Christopher Edward Lawyer, Pro Se

¶ 1 Defendant, Christopher Edward Lawyer, appeals the district court's order denying his Crim. P. 35(a) motion to correct an illegal sentence. We affirm the order but remand the case with directions to amend the mittimus.

## I. Background

¶ 2 Lawyer pled guilty to first degree sexual assault, second degree assault, and menacing in exchange for the dismissal of other charges and a stipulated controlling sentence of twelve years to life in prison on the sexual assault count. He committed the first degree sexual assault, a class 3 felony, in April 2000.

¶ 3 The district court accepted Lawyer's guilty pleas and imposed the stipulated sentence. The mittimus stated that Lawyer would serve "a mandatory period of parole as required by statute." The mittimus was subsequently amended to correct the amount of presentence confinement credit, and, in doing so, the court added language to the mittimus reflecting that Lawyer would serve "mandatory parole 20 yrs to life."

¶ 4 In 2020, Lawyer filed a Crim. P. 35(a) motion, arguing that his sentence was illegal because he should have been subject to discretionary parole in accordance with section 17-2-201(5)(a.5),

C.R.S. 2024, and *People v. Tolbert*, 216 P.3d 1 (Colo. App. 2007). In response, the prosecution argued that *Tolbert* was inapplicable and that Lawyer's parole term was correct, in accordance with *People v. Tucker*, 194 P.3d 503 (Colo. App. 2008). The postconviction court adopted the prosecution's reasoning and denied the motion.

¶ 5    In 2021, Lawyer filed another postconviction motion, in which he challenged the constitutionality of his sentence's parole term. The postconviction court denied the motion.

¶ 6    In 2024, Lawyer filed the underlying Crim. P. 35(a) motion, again arguing that his sentence was illegal because his parole term should be discretionary as required by section 17-2-201(5)(a.5) and *Tolbert*. The postconviction court denied the motion, finding that the parole term was appropriate.

## II.    Analysis

¶ 7    A claim that a sentence erroneously includes a mandatory parole term, rather than a statutorily required discretionary parole term, is cognizable as a Crim. P. 35(a) challenge to an illegal sentence, *People v. Rockwell*, 125 P.3d 410, 415-16 (Colo. 2005); *Tolbert*, 216 P.3d at 3-4, and may be filed at any time. *People v. Jenkins*, 2013 COA 76, ¶ 11.

2

¶ 8    Reviewing the legality of Lawyer's sentence de novo, *Magana v. People*, 2022 CO 25, ¶ 33, we conclude that the postconviction court did not err by denying Lawyer's Crim. P. 35(a) motion.  But we nevertheless remand the case for the court to amend the mittimus with more accurate parole language.

¶ 9    Section 17-2-201(5)(a.5)'s discretionary parole language applies to "any person sentenced for conviction of an offense involving unlawful sexual behavior . . . committed on or after July 1, 1996, but prior to July 1, 2002."  *See also Tolbert*, 216 P.3d at 3.  But a person sentenced for conviction of a sex offense pursuant to the Sex Offender Lifetime Supervision Act of 1998 (SOLSA) is instead subject to the parole provisions of section 17-2-201(5)(a.7) and SOLSA.  *See also* § 17-2-201(5)(a.5) (The statutory provision applies "[e]xcept as otherwise provided in paragraph (a.7) of this subsection (5)."); *Tucker*, 194 P.3d at 504.

¶ 10    In *Tolbert*, the defendant pleaded guilty to class 5 felony attempted sexual assault, which was not a sex offense subject to SOLSA.  *Tolbert*, 216 P.3d at 3; *see also* § 18-1.3-1003(5)(b), C.R.S. 2024 (an attempted sexual offense is governed by SOLSA if the crime would constitute a class 2, 3, or 4 felony).  Accordingly, the

3

division in *Tolbert* concluded that the defendant's non-SOLSA sentence was subject to discretionary parole pursuant to section 17-2-201(5)(a.5). *Tolbert*, 216 P.3d at 3.

¶ 11  Because Lawyer's class 3 felony conviction for first degree sexual assault is a sex offense subject to SOLSA, *Tolbert* and section 17-2-201(5)(a.5) do not apply to his sentence on that conviction. *See* § 18-1.3-1003(4), (5)(a)(I)(B); § 18-1.3-1004(1)(a), C.R.S. 2024; *see also* § 18-1.3-1012, C.R.S. 2024 (SOLSA "shall apply to any person who commits a sex offense on or after November 1, 1998."); *People v. Manaois*, 2021 CO 49, ¶ 36 ("SOLSA applies . . . to any 'sex offense' — as that term is defined in section 18-1.3-1003(5) . . . — committed on or after November 1, 1998 . . . ."); *Tucker*, 194 P.3d at 504. Instead, Lawyer's sentence for conviction of a sex offense governed by SOLSA is subject to section 17-2-201(5)(a.7) and section 18-1.3-1006(1)(b), C.R.S. 2024. *See Tucker*, 194 P.3d at 504.

¶ 12  In *Tucker*, a division of this court considered the correct language to use on a mittimus for the parole term of a sentence imposed pursuant to SOLSA and subject to the provisions of section 17-2-201(5)(a.7) and section 18-1.3-1006(1)(b). *Tucker*, 194 P.3d at

504.  The division determined that neither "mandatory" nor "discretionary" parole was "an accurate characterization of the applicable statutes." *Id.*  The division explained that, because parole terms imposed under SOLSA are in some respects mandatory (requiring a minimum term) and in some ways discretionary (allowing for discretionary release after the minimum term),

> rather than characterizing the language as "mandatory" parole or "discretionary" parole, the better practice would be to state on the mittimus that parole is determined under section 18-1.3-1006(1)(b), requiring the parole board to impose a minimum parole period of ten years for the class four felonies, subject to the provisions of section 17-2-201(5)(a.7).

*Tucker*, 194 P.3d at 504.

¶ 13   We agree with *Tucker* and conclude that the case should be remanded for the court to amend the mittimus to reflect this more accurate parole language.  *See also People v. Herdman*, 2012 COA 89, ¶ 90.  Because Lawyer was convicted of a class 3 felony, the parole language should indicate that section 18-1.3-1006(1)(b) requires a minimum parole period of twenty years to life.

5

### III. Disposition

¶ 14    The order is affirmed, and the case is remanded for the district court to amend the mittimus consistent with the views expressed in this opinion.

JUDGE HARRIS and JUDGE GROVE concur.