24CA0484 Peo v Johns 07-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0484
Jefferson County District Court No. 05CR3194
Honorable Tamara S. Russell, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stephen Raymond Johns,

Defendant-Appellant.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE WELLING
Grove and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

---

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Stephen Raymond Johns, Pro Se

¶ 1     Defendant, Stephen Raymond Johns, appeals the trial court's order denying his Crim. P. 35(a) motion to correct an illegal sentence.  We affirm the trial court's order but remand the case for correction of the mittimus.

## I.     Background

¶ 2     Johns was charged with class 3 felony sexual assault in violation of section 18-3-402(1)(a), (4)(a), C.R.S. 2005.  According to the complaint, Johns committed sexual assault in 2005.  In 2006, Johns pleaded guilty to an added class 4 felony sexual assault charge in violation of section 18-3-402(1)(a), in exchange for dismissal of the class 3 felony sexual assault charge.  The motion to add the second count also alleged that Johns committed sexual assault in 2005.  In his petition to enter a guilty plea, Johns stated that he fully understood that if the court accepted his plea of guilty to class 4 sexual assault, he "may be sentenced to an indeterminate term of imprisonment in the Department of Corrections."  Johns also stated in the petition that he fully understood that the court could "grant [him] an indeterminate period of probation for a period of at least 10 years and up to a maximum of [his] natural life."

¶ 3     The trial court sentenced Johns to a term of five years to life in the custody of the Department of Corrections to be served consecutively to a sentence in another case.  He was credited for 312 days of time served.  The mittimus, however, didn't specifically state the terms of Johns' parole upon his release.  After sentencing, Johns moved to withdraw his plea and objected to the introduction of prior bad acts at sentencing.  The trial court denied his motion and Johns appealed.  A division of this court affirmed the trial court's ruling.  *People v. Johns*, (Colo. App. No. 06CA1858, Jan. 17, 2008) (not published pursuant to C.A.R. 35(f)).

¶ 4     Years later, Johns filed a Crim. P. 35(a) motion to correct an illegal sentence.  In that motion, he contended that his sentence was illegal and must be corrected to (1) "the allowable 5 years to the Colorado Department of Corrections" and (2) reflect "parole in accordance with §[ ]17-2-201(5)(a.5), C.R.S. [2024] . . . which is to be *discretionary* and not mandatory."  Approximately two months after Johns filed his motion, the trial court ordered him to supplement his Crim. P. 35(a) motion "with a short and precise statement of two things: 1) what he believes is illegal about the sentence imposed in 2006; and 2) what he is asking the Court to do

2

to correct it." In his supplemental motion, Johns clarified that he is contending that his indeterminate sentence isn't authorized by Colorado law and that he is subject to discretionary, not mandatory, parole. He also requested that the court correct his sentence by amending the mittimus. The trial court denied Johns' Crim. P. 35(a) motion, finding that his sentence isn't illegal. Johns appeals this order.

## II. Analysis

¶ 5 Johns contends that the trial court erred by denying his Crim. P. 35(a) motion because (1) his indeterminate sentence is illegal and (2) he is subject to a discretionary parole term but was improperly sentenced to a mandatory parole term. We address and reject each of Johns' contentions in turn.

### A. Standard of Review and Applicable Sentencing Scheme

¶ 6 Pursuant to Crim. P. 35(a), "[t]he court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time." A sentence is illegal if it's "inconsistent with the terms specified by statutes." *People v. Tennyson*, 2023 COA 2, ¶ 10 (quoting *People v. Green*, 36 P.3d 125, 126 (Colo. App.

2001)), *aff'd*, 2025 CO 31. We review the legality of a sentence de novo. *Id.* at ¶ 9.

¶ 7 The Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA), sections 18-1.3-1001 to -1012, C.R.S. 2024, applies to "any person who commits a sex offense on or after November 1, 1998." § 18-1.3-1012. Johns pleaded guilty to having committed sexual assault in 2005, in violation of section 18-3-402(1)(a), C.R.S. 2005. Thus, SOLSA is applicable to Johns' sentence and is the statutory scheme we must follow when determining the legality of his sentence.

### B. Indeterminate Sentence

¶ 8 We first address Johns' contention that the indeterminate nature of his sentence is illegal. We disagree with this contention and conclude that the sentence the court imposed is legal under SOLSA.

¶ 9 Subject to exceptions not applicable here, SOLSA provides that, for the offense Johns pleaded guilty to, "the district court having jurisdiction *shall sentence a sex offender to the custody of the [Department of Corrections] for an indeterminate term* of at least the minimum of the presumptive range specified in section 18-1.3-

401 for the level of offense committed and a maximum of the sex offender's natural life." § 18-1.3-1004(1)(a), C.R.S. 2024 (emphasis added). Our supreme court has construed section 18-1.3-1004(1)(a) as requiring an indeterminate sentence for a class 4 felony sex offense "consisting of an upper term of the sex offender's natural life and a lower term of a definite number of years, not less than the minimum nor more than twice the maximum of the presumptive range authorized for the class of felony of which the defendant stands convicted." *Vensor v. People*, 151 P.3d 1274, 1279 (Colo. 2007).

¶ 10 In 2006, for persons sentenced for a class 4 felony committed on or after July 1, 1993, the presumptive sentencing range — used to calculate the lower limit of a sentence under SOLSA — was a minimum of two years imprisonment and a maximum of six years imprisonment. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2006. As noted before, the upper limit was to be a maximum of the defendant's natural life. § 18-1.3-1004(1)(a); *see also Vensor*, 151 P.3d at 1279.

¶ 11 The trial court sentenced Johns to a term of five years to life in the Department of Corrections. Pursuant to section 18-1.3-1004(1)(a), the indeterminacy of the sentence — that is, that the

sentence's upper limit is the rest of Johns' natural life — is required. *See Vensor*, 151 P.3d at 1279. And the minimum term of the sentence — five years — is proper because it's not less than the minimum term of two years for a class 4 felony in section 18-1.3-401(1)(a)(V)(A), C.R.S. 2006, nor is it greater than twelve years, which is twice the maximum of the presumptive range for a class 4 felony. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2006; § 18-1.3-1004(1)(a); *see also Vensor*, 151 P.3d at 1279.

¶ 12    Thus, Johns' indeterminate sentence to the Department of Corrections is legal.

## C.    Parole

¶ 13    Next, we address Johns' contention that his sentence is illegal because the parole term imposed by the trial court is mandatory rather than discretionary. Again, we disagree with Johns, though we agree that the mittimus must be amended to properly reflect the appropriate parole sentence.

¶ 14    According to SOLSA, "[t]he period of parole for any sex offender convicted of a class 4 felony *shall* be an indeterminate term of at least ten years and a maximum of the remainder of the sex offender's natural life." § 18-1.3-1006(1)(b), C.R.S. 2024 (emphasis

added).  In *People v. Tucker*, a division of this court examined this provision and determined that section 18-1.3-1006(1)(b) "plainly requires mandatory minimum periods of parole" but the "overall statutory scheme . . . makes it clear that the [parole] board's decision to release offenders on parole contains elements of discretion."  194 P.3d 503, 504 (Colo. App. 2008); *see also* § 17-2-201(5)(a.7), C.R.S. 2024 (if a person is sentenced under SOLSA for an offense committed on or after November 1, 1998, "the [parole] board shall grant parole or refuse to grant parole, fix the conditions thereof, and set the duration of the term of parole granted pursuant

to" SOLSA).[1]  The *Tucker* court never explicitly characterized the parole requirements under SOLSA as mandatory or discretionary. 194 P.3d at 504.  Rather, the division concluded that the best practice is to identify on the mittimus the statute under which parole is determined rather than characterizing parole as either mandatory or discretionary.  *Id.*

---

[1] Johns seemingly contends that section 17-2-201(5)(a.7), C.R.S. 2024, requiring parole to be determined pursuant to SOLSA, isn't applicable.  To support this contention, and the contention that parole must be discretionary, he also cites multiple cases in which the sexual offense occurred either before the enactment of SOLSA, *see People v. Cooper*, 27 P.3d 348, 349 (Colo. 2001); *Martin v. People*, 27 P.3d 846, 848 (Colo. 2001), or before July 1, 2002, *see People v. Tolbert*, 216 P.3d 1, 3 (Colo. App. 2007); *People v. Huber*, (Colo. App. No. 03CA1579, Dec. 16, 2004) (not published pursuant to C.A.R. 35(f)).  But none of these cases render section 17-2-201(5)(a.7) inapplicable to Johns' sentence because the date of his class 4 sexual offense was February 2005.  Currently, and at the time of Johns' sentencing, section 17-2-201(5)(a.5) states, "Except as otherwise provided in paragraph (a.7) of this subsection (5), as to any person sentenced for conviction of an offense involving unlawful sexual behavior . . . *committed on or after July 1, 1996, but prior to July 1, 2002*, the [parole] board has the sole power to grant or refuse to grant parole and to fix the condition thereof . . . ." (Emphasis added.)  Because the date of Johns' offense was in 2005, section 17-2-201(5)(a.5) wasn't applicable to his case; rather section 17-2-201(5)(a.7), controlled his sentence.

¶ 15    In Johns' case, the mittimus makes no mention of mandatory or discretionary parole. Indeed, the mittimus doesn't reference Johns' parole at all.

¶ 16    Because SOLSA requires an indeterminate sentence for sex offenders and because the trial court never characterized Johns' parole as mandatory, the trial court didn't err by denying his Crim. P. 35(a) motion. The trial court, however, should have stated on the mittimus that Johns' parole is determined according to section 18-1.3-1006(1)(b). *See Tucker*, 194 P.3d at 504. We, therefore, remand to the trial court to correct the mittimus to state that Johns' parole shall be determined according to section 18-1.3-1006(1)(b). *See* Crim. P. 36 ("Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

### III.   Disposition

¶ 17    The order is affirmed, and we remand the case to the trial court to correct the mittimus to state that Johns' parole shall be determined according to section 18-1.3-1006(1)(b).

JUDGE GROVE and JUDGE JOHNSON concur.