24CA0801 Peo v Scraver 09-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0801
Arapahoe County District Court No. 01CR1271
Honorable David N. Karpel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jason Allen Scraver,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

---

Philip J. Weiser, Attorney General, Katharine Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jason Allen Scraver, Pro Se

¶ 1    Defendant, Jason Allen Scraver, appeals the postconviction court's order granting in part and denying in part his Crim. P. 35(a) motion to correct an illegal sentence.  The People likewise challenge the postconviction court's order insofar as it modified Scraver's sentence.  We agree with the People's argument that the modification resulted in an illegal sentence.  We therefore reverse the order and remand the case for the court to correct the mittimus.

¶ 2    The State charged Scraver with, among other things, a count of class 4 felony sexual assault on a child for conduct that occurred in May 2001.  Scraver pleaded guilty to that count in exchange for the dismissal of other charges and a stipulated sentence of ten years to life on sex offender intensive supervision probation (SOISP).

¶ 3    Scraver's probation officer later filed a complaint to revoke his SOISP.  Scraver admitted to the revocation complaint in exchange for a stipulation that his ten-year-to-life SOISP sentence would be revoked and reinstated and that, as a condition of SOISP, he would complete a term of six years in community corrections.

¶ 4    Scraver's probation officer later filed another complaint to revoke his SOISP.  Following a hearing on the revocation complaint, the district court found that Scraver had violated conditions of his

SOISP. Then, in September 2002, the court resentenced Scraver to five years to life in prison, followed by a term of ten years to life on parole. A division of this court affirmed the order revoking Scraver's SOISP sentence. *See People v. Scraver*, (Colo. App. No. 02CA2092, Apr. 1, 2004) (not published pursuant to C.A.R. 35(f)). Thereafter, Scraver filed multiple unsuccessful postconviction motions.

¶ 5 In 2024, Scraver filed the underlying Crim. P. 35(a) motion to correct an illegal sentence, challenging the legality of his prison sentence and his parole term. As relevant here, he argued that he should be subject to discretionary parole. The postconviction court found that Scraver's parole term was illegal but rejected his requested remedy and determined that he was instead subject to a five-year-to-life parole term. The court amended the mittimus accordingly.

¶ 6 Crim. P. 35(a) permits a court to correct an illegal sentence at any time. "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76, ¶ 11. A claim that a sentence includes an erroneous parole term is cognizable as a Crim. P. 35(a) challenge to an illegal sentence.

*People v. Rockwell*, 125 P.3d 410, 415-16 (Colo. 2005); *People v. Tolbert*, 216 P.3d 1, 3-4 (Colo. App. 2007).

¶ 7     We review de novo the legality of a sentence. *Magana v. People*, 2022 CO 25, ¶ 33.

¶ 8     Both parties challenge the legality of the new five-year-to-life parole term. *See People v. Wiseman*, 2017 COA 49M, ¶ 21 (the prosecution can request the correction of an illegal sentence for the first time on appeal). We conclude that the parole term is illegal and that the case must be remanded for further correction of the mittimus.

¶ 9     At the time Scraver was resentenced to prison, section 17-2-201(5)(a.5), C.R.S. 2002, stated that, "[e]xcept as otherwise provided in paragraph (a.7) of this subsection (5)," a discretionary period of parole would apply to "any person sentenced for conviction of an offense involving unlawful sexual behavior . . . committed on or after July 1, 1996, but prior to July 1, 2002." *See Tolbert*, 216 P.3d at 3. Subsection (5)(a.7) provided that

> [a]s to any person sentenced for conviction of a sex offense pursuant to the provisions of part 10 of article 1.3 of title 18, C.R.S., committed on or after November 1, 1998, the board shall grant parole or refuse to grant parole, fix the

3

> conditions thereof, and set the duration of the term of parole granted pursuant to the provisions of part 10 of article 1.3 of title 18, C.R.S.

Thus, a person sentenced for a conviction of a sex offense pursuant to the Sex Offender Lifetime Supervision Act of 1998 (SOLSA), *see* § 18-1.3-1002, C.R.S. 2002, was subject to the parole provisions of section 17-2-201(5)(a.7) and SOLSA. *See People v. Tucker*, 194 P.3d 503, 504 (Colo. App. 2008); *cf. Tolbert*, 216 P.3d at 3 (holding that the defendant was subject to discretionary parole under section 17-2-201(5)(a.5) because he pleaded guilty to class 5 felony attempted sexual assault, which was not a sex offense subject to SOLSA).

¶ 10     Scraver's conviction for sexual assault on a child is a sex offense subject to SOLSA. *See* § 18-1.3-1003(4), (5)(a)(IV), C.R.S. 2002; § 18-1.3-1004(1)(a), C.R.S. 2002. Therefore, section 17-2-201(5)(a.5) doesn't apply, and Scraver's prison sentence was instead subject to the parole provisions of section 17-2-201(5)(a.7) and section 18-1.3-1006, C.R.S. 2002.

¶ 11     On appeal, Scraver contends that section 17-2-201(5)(a.7) doesn't apply to offenses committed before July 1, 2002 and that,

consequently, the application of that subsection to his conviction would be an impermissible ex post facto action. He is mistaken.

¶ 12    Section 17-2-201(5)(a.7) took effect on November 1, 1998 and applies to offenses committed on or after that date. *See* Ch. 303, sec. 10, § 17-2-201, 1998 Colo. Sess. Laws 1291; Ch. 303, sec. 20, 1998 Colo. Sess. Laws 1296. While Scraver was sentenced for an offense involving unlawful sexual behavior committed on or after July 1, 1996 but prior to July 1, 2002, *see* § 16-22-102(9)(d), C.R.S. 2002, section 17-2-201(5)(a.7) carved out an exception to section 17-2-201(5)(a.5)'s discretionary parole language for such offenses if the conviction was for a sex offense subject to SOLSA.

¶ 13    To the extent that Scraver is arguing that section 17-2-201(5)(a.7) didn't go into effect until 2002 because the legislature amended section 17-2-201(5)(a.5) that year to include the language "[e]xcept as otherwise provided in paragraph (a.7) of this subsection (5)," we are not persuaded that this clarifying language had the asserted effect. *See* Ch. 48, sec. 2, § 17-2-201, 2002 Colo. Sess. Laws 125; *see also People v. Frantz*, 114 P.3d 34, 39 (Colo. App. 2004) ("We presume that by amending a statute, the legislature intended to change the law, but this presumption does

not apply when the amendment merely clarifies the preexisting statute.").

¶ 14     Further, Scraver's reliance on *Rockwell*, 125 P.3d 410, *Delgado v. People*, 105 P.3d 634 (Colo. 2005), *Martin v. People*, 27 P.3d 846 (Colo. 2001), and *People v. Cooper*, 27 P.3d 348 (Colo. 2001), is misplaced because those cases involve offenses that were committed before the 1998 enactment of SOLSA.  And *Tolbert* is inapposite because the defendant in that case was convicted of an offense that wasn't subject to SOLSA.  *See Tolbert*, 216 P.3d at 3.

¶ 15     Lastly, Scraver appears to argue that the SOLSA parole statutes don't apply to him because he didn't agree to be subject to SOLSA as part of his plea agreement.  But the application of SOLSA to a defendant convicted of a sex offense is mandatory and not contingent on an agreement.  *See* § 18-1.3-1004(1)(a).

¶ 16     Accordingly, we conclude that the postconviction court erred by modifying the parole term of Scraver's sentence.  But we are not convinced that reinstating the previous ten-year-to-life parole term accurately reflects the requirements of the parole statutes either.

¶ 17     In *Tucker*, a division of this court considered the correct language to use on a mittimus for the parole term of a sentence

imposed pursuant to SOLSA and subject to the provisions of section 17-2-201(5)(a.7) and section 18-1.3-1006(1)(b). *Tucker,* 194 P.3d at 504. The division determined that neither "mandatory" nor "discretionary" parole was "an accurate characterization of the applicable statutes." *Id.* The division explained that, because parole terms imposed under SOLSA are in some ways mandatory (requiring a minimum term) and in some ways discretionary (allowing for discretionary release after the minimum term),

> rather than characterizing the language as "mandatory" parole or "discretionary" parole, the better practice would be to state on the mittimus that parole is determined under section 18-1.3-1006(1)(b), requiring the parole board to impose a minimum parole period of ten years for the class four felonies, subject to the provisions of section 17-2-201(5)(a.7).

*Id.*

¶ 18    We agree with *Tucker* and conclude that this case should be remanded for the postconviction court to further amend the mittimus to reflect this more accurate parole language. *See People v. Herdman,* 2012 COA 89, ¶ 90; *see also* Crim. P. 35(a) (a court may correct an illegal sentence "at any time"). Because Scraver was convicted of a class 4 felony, the parole language should indicate

7

that section 18-1.3-1006(1)(b) requires a minimum parole period of ten years to life.

¶ 19    Accordingly, the order is reversed, and the case remanded to the postconviction court to amend the mittimus consistent with this opinion.

JUDGE WELLING and JUDGE SULLIVAN concur.